**FILED**

JAN 2 6 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JEFFREY WEINSTEIN, individually and on )
behalf of a class of similarly situated )
individuals, )
                                 )
        Plaintiff, )
                                 )
      vs. )
                                 )
AIRIT2ME, Inc., a Florida Corporation, GSI )
COMMERCE, Inc., a Delaware Corporation, )
and THE TIMBERLAND COMPANY, a )
Delaware Corporation )

        Defendants.

No. **06C 0484**

**JUDGE RONALD GUZMAN**

**MAGISTRATE JUDGE MASON**

### JOINT NOTICE OF REMOVAL BY DEFENDANTS GSI
### COMMERCE INC., AIRIT2ME, INC., AND THE TIMBERLAND COMPANY

PLEASE TAKE NOTICE that defendants GSI Commerce, Inc. ("GSI"), Airit2me, Inc.

("Airit2me"), and the Timberland Company ("Timberland"), hereby remove the above-captioned

action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States

District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§

1332, 1441(b), 1446, and 1453(b) and respectfully state:

    1.    GSI, Airit2me, and Timberland are defendants (collectively referred to as

"Defendants") in a civil action commenced on December 22, 2005 in the Circuit Court of Cook

County, Illinois, Chancery Division, designated by case number 05 CH 22196 and captioned

*Jeffrey Weinstein v. AirIt2Me, Inc., et. al.*

    2.    The Summons and Complaint were received by GSI on December 29, 2005. A

true and correct copy of the Summons and Complaint issued to GSI is attached hereto as Exhibit

A. The Summons and Complaint were received by Airit2me on December 27, 2005. A true and

correct copy of the Summons and Complaint issued to Airit2me is attached hereto as Exhibit B. The Summons and Complaint were received by Timberland on December 29, 2005. A true and correct copy of the Summons and Complaint issued to Timberland is attached hereto as Exhibit C. No additional pleadings have been filed and no orders have been entered in this case.

3.    Plaintiff Jeffrey Weinstein ("Plaintiff") has styled his complaint as a class action, bringing the action on behalf of himself and a purported national class of similarly situated plaintiffs. *See Ex. A, Complaint* at ¶ 19. Plaintiff's sole cause of action has been brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et al. See Complaint* at ¶¶ 24-29.

4.    As more fully set out below, this case is properly removed to this Court because: (1) Defendants have satisfied the procedural requirements for removal; and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

## I.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5.    The Circuit Court of Cook County of the State of Illinois is located within the Northern District of Illinois, Eastern Division. Therefore, venue is proper pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. §1441(a).

6.    No previous application has been made for the relief requested herein.

7.    Pursuant to 28 U.S.C. § 1446(a), a copy of this notice of removal is being served upon counsel for Plaintiff and a copy is being filed with the clerk of the Circuit Court of Cook County of the State of Illinois.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

8.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1441 because this action arises under federal law, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227 et al ("TCPA"). *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450-51 (7th Cir. 2005).

9.      This case also is subject to removal pursuant to the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

10.     As set forth below, this is a putative class action in which: (1) there are 100 or more members in the Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from that of at least one defendant; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate. Thus, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

11.     Indeed, in a substantively identical complaint filed by Plaintiff against Timberland in this Court on December 19, 2005, Plaintiff concedes that this Court "has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because: (a) at least one member of the putative class action is a citizen of a state different from Timberland; (b) the amount in controversy exceeds $5,000,000, exclusive of interests and costs; and (c) none of the exceptions under that subsection applies to the instant action." *See Complaint filed in Weinstein v. The Timberland Company*, No. 05C 7102 (N.D. Ill. December 19, 2005) (referred to as "Timberland Complaint") at ¶ 8, a true and correct copy of which is attached hereto as Exhibit D. Plaintiff has voluntarily dismissed the Timberland Complaint.

### A.    This is a Class Action Consisting of More than 100 Members.

12.    Plaintiff purports to represent a nationwide class of all residents who "within four years prior to the filing of this lawsuit, (1) received a text message from Timberland; and (2) subscribed to a cellular telephone plan wherein they were required to pay to receive text messages based upon the number of text messages they received." *See* Ex. A, Complaint at ¶ 19.

13.    Plaintiff asserts that there are "thousands of members of the Class who are geographically dispersed, such that joinder of all members is impracticable." *See id.* at ¶ 20.

14.    Based on these and other allegations, the aggregate number of class members of all proposed plaintiff classes is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B.    Diversity of Citizenship Exists.

15.    Plaintiff is a citizen of Illinois who seeks to represent a nationwide class of individuals and/or entities. *See* Ex. A, Complaint at ¶ 5. Plaintiff does not allege any alternative state of residence.

16.    GSI is a corporation organized under the laws of the State of Delaware with its principal place of business in Pennsylvania. Timberland is a Delaware corporation with its principal place of business in New Hampshire. Airit2me is a Florida corporation with its principal place of business in Florida.

17.    Based on these and other allegations, it is clear that at least one proposed class member and one defendant are diverse.

### C.    The Amount in Controversy Requirement is Satisfied.

18.    Plaintiff contends that Defendants' alleged conduct violates the TCPA. *See* Ex. A, Complaint at ¶ 3.

19.     Plaintiff contends that §227(b)(3)(b) of the TCPA entitles each class member "to a minimum of $500.00" in statutory damages for each violation of the TCPA. *Id.* at ¶ 28.

20.     Plaintiff further requests that the Court "treble the amount of statutory damages recoverable by members of the class" pursuant to §227(b)(3)(c), which provides that the Court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph [$500]…[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection…." *Id.* at ¶ 29.

21.     Plaintiff also seeks injunctive relief "together with costs and reasonable attorneys fees." *Id.* at ¶ 4.

22.     In a putative class action, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Under this standard, Plaintiff's claim meets the jurisdictional threshold.

23.     First, Plaintiff alleges that there are "thousands of members of the Class." Id. at ¶ 20. Where, as here, a statutory cause of action provides for a recovery of between $500 and $1500 per violation, as few as 3,334 alleged violations may be required to meet the amount in controversy threshold. Assuming Plaintiffs' estimate of the number of "text messages" sent by the Defendants is accurate, the jurisdictional threshold will be easily satisfied.

24.     Second, Plaintiff clearly believes that the amount in controversy is greater than $5,000,000. In the earlier-filed Timberland Complaint, Plaintiff expressly conceded that "the amount in controversy exceeds $5,000,000, exclusive of interests and costs." Ex. D, Timberland Complaint at ¶ 8.

25.     Finally, CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. REP. 109-14, at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."), *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

Respectfully submitted,

Dated: January 26, 2006

Thomas A. Marrinson
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601
(312) 324-1000
Fax: (312).324.1001
*Attorneys for GSI Commerce, Inc.*

David K. Callahan, P.C.
Thomas M. Monagan, III
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
Fax: (312) 861-2200
*Attorneys for Timberland Company*

Jean-Bernard Lemal
Chief Executive Officer
Airit2me, Inc.
*Pro Se on behalf of Airit2me, Inc.*

7

## CERTIFICATE OF SERVICE

I certify that I have served this Notice of Removal on the following counsel this same 26th day of January, 2006 by U.S. mail and hand delivery:

John Blim
Jay Edelson
BLIM & EDELSON, LLC
53 West Jackson Boulevard
Suite 1642
Chicago, IL 60604
Telephone: (312) 913-9400
Facsimile: (312) 913-9401

John G. Jacobs
Bryan G. Kolton
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue
Suite 1850
Chicago, IL 60603
Telephone: (312) 427-4000
Facsimile: (312) 427-1850

*Thomas A. Marin*
*Attorney for GSI Commerce, Inc.*



01/18/2006 18:03 FAX 610 265 2866     GLOBAL SPORTS          ☑002/008

| | | |
|---|---|---|
| ▓ - Served | 2121 - Served | |
| ▓ - Not Served | 2221 - Not Served | |
| ▓ - Served By Mail | 2321 - Served By Mail | |
| ▓ - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY             DIVISION

(Name all parties)
JEFFREY WEINSTEIN, individually and on behalf of a class
of similarly situated individuals,

**05 CH 22196**

v.

AIRIT2ME, Inc., a Florida Corporation, GSI COMMERCE,
Inc., a Delaware Corporation, and THE TIMBERLAND
COMPANY, a Delaware Corporation,

No. _____

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _2102_, Chicago, Illinois 60602

❑ District 2 - Skokie          ❑ District 3 - Rolling Meadows     ❑ District 4 - Maywood
5600 Old Orchard Rd.          2121 Euclid                       1500 Maybrook Ave.
Skokie, IL 60077              Rolling Meadows, IL 60008         Maywood, IL 60153

❑ District 5 - Bridgeview     ❑ District 6 - Markham             ❑ Child Support
10220 S. 76th Ave.           16501 S. Kedzie Pkwy.             28 North Clark St., Room 200
Bridgeview, IL 60455         Markham, IL 60426                 Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 37874                              WITNESS, DEC 2 2 2005
Name: John G. Jacobs c/o The Jacobs Law Firm, Chtd.          DOROTHY BROWN
Atty. for: Plaintiff                                        CLERK OF CIRCUIT COURT
Address: 122 South Michigan Avenue, Suite 1850
City/State/Zip: Chicago, Illinois 60603         Date of service: _____
Telephone: (312) 427-4000                       (To be inserted by officer on copy left with defendant
                                                 or other person)
Service by Facsimile Transmission will be accepted at: _____    (312)    427-1850
                                                              (Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

01/18/2006 18:04 FAX 610 265 2866     GLOBAL SPORTS     ☒003/008

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

JEFFREY WEINSTEIN, individually and on )
behalf of a class of similarly situated individuals, )
)
        Plaintiff, )
)
        v. )
)
AIRIT2ME, Inc., a Florida Corporation, GSI )
COMMERCE, Inc., a Delaware Corporation, and )
THE TIMBERLAND COMPANY, a Delaware )
Corporation, )
        Defendants. )
-----------------------------------------x

No. **05 CH 22196**

**Jury Trial Demanded**

### CLASS ACTION COMPLAINT

    Plaintiff Jeffrey Weinstein brings this class action complaint against defendants AirIt2Me, Inc. ("AirIt2Me"), GSI Commerce, Inc. ("GSI"), and The Timberland Company ("Timberland") to stop defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. For his class action complaint, Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE CASE

    1.    In a recent effort to promote a holiday sale, Timberland, one of the largest sellers of outdoor apparel world-wide, along with its agents GSI and AirIt2Me, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text message" calls to the cell phones of consumers across the nation.

2.     By effectuating these text message calls (hereinafter, "wireless spam" or "SMS Spam"), Defendants have caused such consumers actual harm, not only because the consumers were subjected to the aggravation that necessarily accompanies unsolicited wireless spam, but also because in virtually all instances consumers actually have to pay their cell phone service providers for the receipt of such wireless spam, notwithstanding that it is sent in violation of specific legislation on the subject.

3.     In order to redress these injuries, Weinstein, on behalf of himself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), which prohibits unsolicited voice and text calls to cell phones.

4.     On behalf of the class, Weinstein seeks an injunction requiring Defendants to cease all wireless spam activities and an award of actual and statutory damages to the class members, together with costs and reasonable attorney's fees.

### PARTIES

5.     Plaintiff Jeffrey Weinstein is a citizen of Illinois, and a resident of Cook County.

6.     Defendant Timberland is a self-proclaimed "global leader in the design, engineering and marketing of premium-quality footwear, apparel and accessories for consumers who value the outdoors and their time in it." It is a Delaware corporation with its principal place of business in New Hampshire. It does business throughout the United States, including in Cook County, Illinois.

7.     Defendant GSI is, according to its own statements, "a leading provider of e-commerce solutions that enable retailers, branded manufacturers, entertainment companies and professional sports organizations to operate e-commerce businesses." It is a Delaware

2

corporation.

8.    Defendant AirIt2Me is a company offering, *inter alia*, wireless services such as the ability to deliver bulk text messages to consumers worldwide. It is a Florida corporation.

### VENUE

9.    Venue is proper in Cook County because plaintiff resides in Cook County, because Defendants do business in Cook County and because the cause of action arose here.

### CONDUCT COMPLAINED OF

10.    In recent years, marketers, who often have felt stymied by federal laws limiting solicitations over telephones, facsimile machines, and e-mails, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

11.    One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters, on their cellular telephones.

12.    An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

13.    Unlike more conventional advertisements, wireless spam actually costs its recipients money, because virtually all cell phone users must pay for each text message call they receive, whether or not the message is authorized.

14.    In or about December, 2005, Timberland, through and with its agents GSI and

3

Air2Me, caused a mass transmission of wireless spam to the cell phones of what it hoped were potential customers.

15.     The sender field of the transmission contained only the five-digit number: 36368. The subject line of the message was: "SAVE 20% AT..." The body of the message read as follows:

> Save 20% at Timberland.com. Exclusive offer! Use Promo Code: CELLPHONE. Valid thru Dec 22. Send to a Friend! Rply STOP 2 End Alerts. PwdbyNextone Sender 38368.

16.     On or about December 1, 2005, plaintiff Jeffrey Weinstein's cell phone rang, indicating that he had received a text call. Under his contract with his cell phone service provider, this cost him ten cents.

17.     The sender of the text call identified itself only as "36368," and that the subject field suggested that he was entitled to "SAVE 20% AT" some unidentified company.

18.     When he accessed the full message, he saw that it was the wireless spam advertisement from Timberland, quoted in full above.

## CLASS ALLEGATIONS

19.     Weinstein brings this action on behalf of himself and a class (the "Class") consisting of all persons who, within four years prior to the filing of this lawsuit, (1) received a text message from Timberland and (2) subscribed to a cellular telephone plan wherein they were required to pay to receive text messages based upon the number of text messages they received.

20.     Upon information and belief, there are thousands of members of the Class who are geographically dispersed, such that joinder of all members is impracticable.

4

21.     Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members. Common questions for the Class include:

    (a)     Is Defendants' conduct governed by the TCPA?

    (b)     Does the wireless spam Defendants distributed violate the TCPA?

    (c)     Are the class members entitled to treble damages based on the willfulness of Defendants' conduct?

22.     Weinstein will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the respective classes, and he has retained counsel competent and experienced in class action litigation.

23.     A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective classes is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I

24.     Weinstein incorporates by reference the foregoing allegations.

25.     Defendants made unsolicited commercial text calls to potential customers using an automatic telephone dialing system and/or using an artificial and prerecorded message to the wireless telephone numbers of the Class.

26.     These calls were made without the prior express consent of the called parties.

5

27.    Defendants have, therefore, violated the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

28.    As a result of Defendants' illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled, *inter alia*, to a minimum of $500.00 in damages for each such violation of the TCPA.

29.    Because Defendants' misconduct was willful and knowing, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the members of the Class.

WHEREFORE, Plaintiff Jeffrey Weinstein, on behalf of himself and the Class, prays for the following relief:

    1.    An order certifying the Class as defined above;

    2.    An award of actual and/or statutory damages;

    3.    An injunction requiring Defendants to cease all wireless spam activities;

    4.    Reasonable attorney's fees and costs; and

    5.    Such further and other relief the Court deems appropriate.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

December 22, 2005

                    Jeffrey Weinstein, Individually and on behalf of a class of similarly situated individuals

                    one of his attorneys

6



Jan-13-06 04:29P                                                    P.02

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY _____ DIVISION

(Name all parties)

JEFFREY WEINSTEIN, individually and on behalf of a class
of similarly situated individuals,

12-27-05
12 "NP

v.

No. _____ **05CH22196**

AIRIT2ME, Inc., a Florida Corporation, GSI COMMERCE,
Inc., a Delaware Corporation, and THE TIMBERLAND
COMPANY, a Delaware Corporation,

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is
hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the
following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___2100___ , Chicago, Illinois 60602

☐ District 2 - Skokie              ☐ District 3 - Rolling Meadows       ☐ District 4 - Maywood
5600 Old Orchard Rd.               2121 Euclid                         1500 Maybrook Ave.
Skokie, IL 60077                   Rolling Meadows, IL 60008           Maywood, IL 60153

☐ District 5 - Bridgeview          ☐ District 6 - Markham              ☐ Child Support
10220 S. 76th Ave.                 16501 S. Kedzie Pkwy.               28 North Clark St., Room 200
Bridgeview, IL 60455               Markham, IL 60426                   Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with
endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall
be returned so endorsed. This Summons may not be served later than 30 days after its date.

| | |
|---|---|
| Atty. No.: 37874 | WITNESS, ___ DEC 2 2 2005 ___ |
| Name: John G. Jacobs c/o The Jacobs Law Firm, Chtd. | DOROTHY BROWN |
| Atty. for: Plaintiff | Clerk of Court |
| Address: 122 South Michigan Avenue, Suite 1850 | |
| City/State/Zip: Chicago, Illinois 60603 | Date of service: ___ |
| Telephone: (312) 427-4000 | (To be inserted by officer on copy left with defendant or other person) |
| Service by Facsimile Transmission will be accepted at: | (312) 427-1850 |
| | (Area Code) (Facsimile Telephone Number) |

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## Service List

AirIt2Me, Inc.
c/o Jean-Bernard Lemal
15438 North Florida Avenue
Tampa, Florida 33613

GSI Commerce, Inc.
c/o Sheri Poe
555 South Henderson Rd
King of Prussia, Pennsylvania 19406

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| JEFFREY WEINSTEIN, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) ) | No. **05CH2₤198** |
| v. | ) ) | |
| AIRIT2ME, Inc., a Florida Corporation, GSI COMMERCE, Inc., a Delaware Corporation, and THE TIMBERLAND COMPANY, a Delaware Corporation, | ) ) ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) ) | |

------------------------------------------------x

### CLASS ACTION COMPLAINT

Plaintiff Jeffrey Weinstein brings this class action complaint against defendants AirIt2Me, Inc. ("AirIt2Me"), GSI Commerce, Inc. ("GSI"), and The Timberland Company ("Timberland") to stop defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. For his class action complaint, Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE CASE

1. In a recent effort to promote a holiday sale, Timberland, one of the largest sellers of outdoor apparel world-wide, along with its agents GSI and AirIt2Me, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text message" calls to the cell phones of consumers across the nation.

2.     By effectuating these text message calls (hereinafter, "wireless spam" or "SMS Spam"), Defendants have caused such consumers actual harm, not only because the consumers were subjected to the aggravation that necessarily accompanies unsolicited wireless spam, but also because in virtually all instances consumers actually have to pay their cell phone service providers for the receipt of such wireless spam, notwithstanding that it is sent in violation of specific legislation on the subject.

3.     In order to redress these injuries, Weinstein, on behalf of himself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), which prohibits unsolicited voice and text calls to cell phones.

4.     On behalf of the class, Weinstein seeks an injunction requiring Defendants to cease all wireless spam activities and an award of actual and statutory damages to the class members, together with costs and reasonable attorney's fees.

**PARTIES**

5.     Plaintiff Jeffrey Weinstein is a citizen of Illinois, and a resident of Cook County.

6.     Defendant Timberland is a self-proclaimed "global leader in the design, engineering and marketing of premium-quality footwear, apparel and accessories for consumers who value the outdoors and their time in it." It is a Delaware corporation with its principal place of business in New Hampshire.  It does business throughout the United States, including in Cook County, Illinois.

7.     Defendant GSI is, according to its own statements, "a leading provider of e-commerce solutions that enable retailers, branded manufacturers, entertainment companies and professional sports organizations to operate e-commerce businesses."  It is a Delaware

2

corporation.

8.  Defendant AirIt2Me is a company offering, *inter alia*, wireless services such as the ability to deliver bulk text messages to consumers worldwide. It is a Florida corporation.

## VENUE

9.  Venue is proper in Cook County because plaintiff resides in Cook County, because Defendants do business in Cook County and because the cause of action arose here.

## CONDUCT COMPLAINED OF

10.  In recent years, marketers, who often have felt stymied by federal laws limiting solicitations over telephones, facsimile machines, and e-mails, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

11.  One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters, on their cellular telephones.

12.  An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

13.  Unlike more conventional advertisements, wireless spam actually costs its recipients money, because virtually all cell phone users must pay for each text message call they receive, whether or not the message is authorized.

14.  In or about December, 2005, Timberland, through and with its agents GSI and

3

AirIt2Me, caused a mass transmission of wireless spam to the cell phones of what it hoped were potential customers.

15.    The sender field of the transmission contained only the five-digit number 36368. The subject line of the message was: "SAVE 20% AT...." The body of the message read as follows:

> Save 20% at Timberland.com. Exclusive offer! Use Promo Code:
> CELLPHONE. Valid thru Dec 22. Send to a Friend! Rply STOP 2
> End Alerts. PwdbyNextone Sender 38368.

16.    On or about December 1, 2005, plaintiff Jeffrey Weinstein's cell phone rang, indicating that he had received a text call. Under his contract with his cell phone service provider, this cost him ten cents.

17.    The sender of the text call identified itself only as "36368," and that the subject field suggested that he was entitled to "SAVE 20% AT" some unidentified company.

18.    When he accessed the full message, he saw that it was the wireless spam advertisement from Timberland, quoted in full above.

## CLASS ALLEGATIONS

19.    Weinstein brings this action on behalf of himself and a class (the "Class") consisting of all persons who, within four years prior to the filing of this lawsuit, (1) received a text message from Timberland and (2) subscribed to a cellular telephone plan wherein they were required to pay to receive text messages based upon the number of text messages they received.

20.    Upon information and belief, there are thousands of members of the Class who are geographically dispersed, such that joinder of all members is impracticable.

4

21.   Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members.  Common questions for the Class include:

    (a)   Is Defendants' conduct governed by the TCPA?

    (b)   Does the wireless spam Defendants distributed violate the TCPA?

    (c)   Are the class members entitled to treble damages based on the willfulness of Defendants' conduct?

22.   Weinstein will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the respective classes, and he has retained counsel competent and experienced in class action litigation.

23.   A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective classes is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I

24.   Weinstein incorporates by reference the foregoing allegations.

25.   Defendants  made unsolicited commercial text calls to potential customers using an automatic telephone dialing system and/or using an artificial and prerecorded message to the wireless telephone numbers of the Class.

26.   These calls were made without the prior express consent of the called parties.

5

27.     Defendants have, therefore, violated the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

28.     As a result of Defendants' illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled, *inter alia*, to a minimum of $500.00 in damages for each such violation of the TCPA.

29.     Because Defendants' misconduct was willful and knowing, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the members of the Class.

WHEREFORE, Plaintiff Jeffrey Weinstein, on behalf of himself and the Class, prays for the following relief:

         1.     An order certifying the Class as defined above;

         2.     An award of actual and/or statutory damages;

         3.     An injunction requiring Defendants to cease all wireless spam activities;

         4.     Reasonable attorney's fees and costs; and

         5.     Such further and other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

December 22, 2005

                           Jeffrey Weinstein, individually and on behalf of a
                           class of similarly situated individuals

                           one of his attorneys

6

John Blim
Jay Edelson
Myles McGuire (Of Counsel)
BLIM & EDELSON, LLC
53 West Jackson Boulevard
Suite 1642
Chicago, Illinois 60604
Telephone: (312) 913-9400
Telefax: (312) 913-9401
Attorney I.D. No. 38373

John G. Jacobs
Bryan G. Kolton
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Telefax: (312) 427-1850
Attorney I.D. No. 37874



| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY _____ DIVISION

(Name all parties)

JEFFREY WEINSTEIN, individually and on behalf of a class
of similarly situated individuals,

**05CH22196**

v.

No. _____

AIRIT2ME, Inc., a Florida Corporation, GSI COMMERCE,
Inc., a Delaware Corporation, and THE TIMBERLAND
COMPANY, a Delaware Corporation,

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __2102__, Chicago, Illinois 60602

| | | |
|---|---|---|
| ❑ **District 2 - Skokie** | ❑ **District 3 - Rolling Meadows** | ❑ **District 4 - Maywood** |
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ❑ **District 5 - Bridgeview** | ❑ **District 6 - Markham** | ❑ **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date. DEC 2 2 2005

Atty. No.: 37874

Name: John G. Jacobs c/o The Jacobs Law Firm, Chtd.

Atty. for: Plaintiff

Address: 122 South Michigan Avenue, Suite 1850

City/State/Zip: Chicago, Illinois 60603

Telephone: (312) 427-4000

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(312) 427-1850
(Area Code)  (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## Service List

The Timberland Company
c/o Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, Illinois 62703

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| JEFFREY WEINSTEIN, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | No. **05 CH 2︉198** |
| v. | ) ) | |
| AIRIT2ME, Inc., a Florida Corporation, GSI COMMERCE, Inc., a Delaware Corporation, and THE TIMBERLAND COMPANY, a Delaware Corporation, | ) ) ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) | |

------------------------------------------------x

## CLASS ACTION COMPLAINT

Plaintiff Jeffrey Weinstein brings this class action complaint against defendants AirIt2Me, Inc. ("AirIt2Me"), GSI Commerce, Inc. ("GSI"), and The Timberland Company ("Timberland") to stop defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. For his class action complaint, Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE CASE

1. In a recent effort to promote a holiday sale, Timberland, one of the largest sellers of outdoor apparel world-wide, along with its agents GSI and AirIt2Me, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text message" calls to the cell phones of consumers across the nation.

2.    By effectuating these text message calls (hereinafter, "wireless spam" or "SMS Spam"), Defendants have caused such consumers actual harm, not only because the consumers were subjected to the aggravation that necessarily accompanies unsolicited wireless spam, but also because in virtually all instances consumers actually have to pay their cell phone service providers for the receipt of such wireless spam, notwithstanding that it is sent in violation of specific legislation on the subject.

3.    In order to redress these injuries, Weinstein, on behalf of himself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), which prohibits unsolicited voice and text calls to cell phones.

4.    On behalf of the class, Weinstein seeks an injunction requiring Defendants to cease all wireless spam activities and an award of actual and statutory damages to the class members, together with costs and reasonable attorney's fees.

**PARTIES**

5.    Plaintiff Jeffrey Weinstein is a citizen of Illinois, and a resident of Cook County.

6.    Defendant Timberland is a self-proclaimed "global leader in the design, engineering and marketing of premium-quality footwear, apparel and accessories for consumers who value the outdoors and their time in it." It is a Delaware corporation with its principal place of business in New Hampshire. It does business throughout the United States, including in Cook County, Illinois.

7.    Defendant GSI is, according to its own statements, "a leading provider of e-commerce solutions that enable retailers, branded manufacturers, entertainment companies and professional sports organizations to operate e-commerce businesses." It is a Delaware

2

corporation.

8.   Defendant AirIt2Me is a company offering, *inter alia*, wireless services such as the ability to deliver bulk text messages to consumers worldwide. It is a Florida corporation.

### VENUE

9.   Venue is proper in Cook County because plaintiff resides in Cook County, because Defendants do business in Cook County and because the cause of action arose here.

### CONDUCT COMPLAINED OF

10.   In recent years, marketers, who often have felt stymied by federal laws limiting solicitations over telephones, facsimile machines, and e-mails, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

11.   One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters, on their cellular telephones.

12.   An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

13.   Unlike more conventional advertisements, wireless spam actually costs its recipients money, because virtually all cell phone users must pay for each text message call they receive, whether or not the message is authorized.

14.   In or about December, 2005, Timberland, through and with its agents GSI and

3

AirJt2Me, caused a mass transmission of wireless spam to the cell phones of what it hoped were potential customers.

15.     The sender field of the transmission contained only the five-digit number: 36368. The subject line of the message was: "SAVE 20% AT...." The body of the message read as follows:

> Save 20% at Timberland.com. Exclusive offer! Use Promo Code:
> CELLPHONE. Valid thru Dec 22. Send to a Friend! Rply STOP 2
> End Alerts. PwdbyNextone Sender 38368.

16.     On or about December 1, 2005, plaintiff Jeffrey Weinstein's cell phone rang, indicating that he had received a text call. Under his contract with his cell phone service provider, this cost him ten cents.

17.     The sender of the text call identified itself only as "36368," and that the subject field suggested that he was entitled to "SAVE 20% AT" some unidentified company.

18.     When he accessed the full message, he saw that it was the wireless spam advertisement from Timberland, quoted in full above.

## CLASS ALLEGATIONS

19.     Weinstein brings this action on behalf of himself and a class (the "Class") consisting of all persons who, within four years prior to the filing of this lawsuit, (1) received a text message from Timberland and (2) subscribed to a cellular telephone plan wherein they were required to pay to receive text messages based upon the number of text messages they received.

20.     Upon information and belief, there are thousands of members of the Class who are geographically dispersed, such that joinder of all members is impracticable.

4

21.     Common questions of law and fact exist as to all members of the Class'and predominate over questions affecting individual members. Common questions for the Class include:

    (a)     Is Defendants' conduct governed by the TCPA?

    (b)     Does the wireless spam Defendants distributed violate the TCPA?

    (c)     Are the class members entitled to treble damages based on the willfulness of Defendants' conduct?

22.     Weinstein will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the respective classes, and he has retained counsel competent and experienced in class action litigation.

23.     A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective classes is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I

24.     Weinstein incorporates by reference the foregoing allegations.

25.     Defendants made unsolicited commercial text calls to potential customers using an automatic telephone dialing system and/or using an artificial and prerecorded message to the wireless telephone numbers of the Class.

26.     These calls were made without the prior express consent of the called parties.

5

27.   Defendants have, therefore, violated the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

28.   As a result of Defendants' illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled, *inter alia,* to a minimum of $500.00 in damages for each such violation of the TCPA.

29.   Because Defendants' misconduct was willful and knowing, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the members of the Class.

WHEREFORE, Plaintiff Jeffrey Weinstein, on behalf of himself and the Class, prays for the following relief:

1.   An order certifying the Class as defined above;

2.   An award of actual and/or statutory damages;

3.   An injunction requiring Defendants to cease all wireless spam activities;

4.   Reasonable attorney's fees and costs; and

5.   Such further and other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

December 22, 2005

Jeffrey Weinstein, individually and on behalf of a class of similarly situated individuals

one of his attorneys

6

John Blim
Jay Edelson
Myles McGuire (Of Counsel)
BLIM & EDELSON, LLC
53 West Jackson Boulevard
Suite 1642
Chicago, Illinois 60604
Telephone: (312) 913-9400
Telefax: (312) 913-9401
Attorney I.D. No. 38373

John G. Jacobs
Bryan G. Kolton
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Telefax: (312) 427-1850
Attorney I.D. No. 37874



IN THE UNITED STATES DISTRICT COURT  DEC 1 9 2005
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION
MICHAEL    D.   INS
CLER      . [. RICT COURT

| | | |
|---|---|---|
| JEFFREY WEINSTEIN, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | No. **05C 7103** |
| v. | ) ) ) | **JUDGE DER-YEGHIAYAN** |
| THE TIMBERLAND COMPANY, a Delaware Corporation, | ) ) ) | **Jury Trial Demanded** |
| Defendant. | ) ) | **MAGISTRATE JU** |

----------------------------------------------x

## CLASS ACTION COMPLAINT

Plaintiff Jeffrey Weinstein brings this class action complaint against defendant The Timberland Company ("Timberland") to stop defendant's practice of making unsolicited and text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. For his class action complaint, Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE CASE

1.      In a recent effort to promote a holiday sale, Timberland, one of the largest sellers of outdoor apparel world-wide, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text message" calls to the cell phones of consumers across the nation.

2.      By effectuating these text message calls (hereinafter, "wireless spam" or "SMS Spam"). Timberland has caused such consumers actual harm, not only because the consumers

01/05/2006 18:41 FAX                                                                    @006/014

were subjected to the aggravation that necessarily accompanies unsolicited wireless spam, but also because in virtually all instances they actually have to pay their cell phone service providers for the receipt of such wireless spam, notwithstanding that it is sent in violation of specific legislation on the subject.

3.    In order to redress these injuries, Weinstein, on behalf of himself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cell phones.

4.    On behalf of the class, Weinstein seeks an injunction requiring Timberland to cease all wireless spam activities and an award of actual and statutory damages to the class members, together with costs and reasonable attorney's fees.

### PARTIES

6.    Plaintiff Jeffrey Weinstein is a citizen of Illinois, residing in Cook County, Illinois.

7.    Defendant Timberland is a self-proclaimed "global leader in the design, engineering and marketing of premium-quality footwear, apparel and accessories for consumers who value the outdoors and their time in it." It is a Delaware company with its principle place of business in New Hampshire. It does business throughout the United States, including Cook County, Illinois.

### JURISDICTION

8.    The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Timberland, (b) the amount in controversy exceeds $5,000,000, exclusive of interests and

2

costs. and (c) none of the exceptions under that subsection applies to the instant action.

### VENUE

9.     Venue is proper in this district under 28 U.S.C. §§ 1391(a)(1) and 1391(a)(2).

### CONDUCT COMPLAINED OF

10.     In recent years, marketers, who often have felt stymied by federal laws limiting solicitations over telephones, facsimile machines, and e-mails, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

11.     One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters, on their cellular telephones.

12.     An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

13.     Unlike more conventional advertisements, wireless spam actually costs its recipients money, because virtually all cell phone users must pay for each text message call they receive, whether or not the message is authorized.

14.     In or about December, 2005, Timberland caused a mass transmission of wireless spam to the cell phones of what it hoped were potential customers.

15.     The sender field of the transmission contained only the five-digit number: 36368.

The subject line of the message was: "SAVE 20% AT...." The body of the message read as follows:

> Save 20% at Timberland.com. Exclusive offer! Use Promo Code: CELLPHONE. Valid thru Dec 22. Send to a Friend! Rply STOP 2 End Alerts. PwdbyNextone Sender 38368.

16.    On or about December 1, 2005, plaintiff Jeffrey Weinstein's cell phone rang, indicating that he had received a text call. Under his contract with his cell phone service provider, this cost him ten cents.

17.    The sender of the text call identified itself as only "36368," and that the subject field suggested that he was entitled to "SAVE 20% AT" some unknown company.

18.    When he accessed the full message, he saw that it was the wireless spam advertisement from Timberland, quoted in full above.

### CLASS ALLEGATIONS

19.    Weinstein brings this action, pursuant to FRCP 23(b)(2) and FRCP 23(b)(3), on behalf of himself and a class (the "Class") consisting of all persons who (1) received a text message from Timberland and (2) subscribed to a cellular telephone plan wherein they were required to pay to receive text messages based upon the number of text messages they received..

20.    Upon information and belief, there are thousands of members of the Class who are geographically dispersed, such that joinder of all members is impracticable.

21.    Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members. Common questions for the Class include:

(a)    Is Timberland's conduct governed by the TCPA?

4



    (h)    Does the wireless spam Timberland distributed violate the TCPA?

    (c)    Are the class members entitled to treble damages based on the willfulness of Timberland's conduct?

22.    Weinstein will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the respective classes, and he has retained counsel competent and experienced in class action litigation.

23.    A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things. (a) joinder of all members of the respective classes is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I

24.    Weinstein incorporates by reference the foregoing allegations.

25.    Timberland made unsolicited commercial text calls using an automatic telephone dialing system and/or using an artificial and prerecorded message to the wireless telephone numbers of the Class.

26.    These calls were made without the prior express consent of the called party.

27.    Timberland has, therefore, violated the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

28.    As a result of Timberland's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled, *inter alia*, to a minimum of $500.00 in damages for each such violation of the TCPA

29.    Because Timberland's misconduct was willful and knowing, the Court should,

pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the

members of the Class.

WHEREFORE, Plaintiff Jeffrey Weinstein, on behalf of himself and the Class, prays for

the following relief:

1.    An order certifying the Class as defined above;

2.    An award of actual and/or statutory damages;

3.    An injunction requiring Timberland to cease all wireless spam activities

4.    Reasonable attorney's fees and costs; and

5.    Such further and other relief the Court deems appropriate.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

December 19, 2005

Jeffrey Weinstein, individually and on behalf of a
class of similarly situated individuals

_____
one of his attorneys

John Blim
Jay Edelson
Myles McGuire (Of Counsel)
BLIM & EDELSON, LLC
53 West Jackson Boulevard
Suite 1642
Chicago, Illinois 60604
Telephone: (312) 913-9400

6

Case 1:05-cv-07103    Document 6    Filed 12/22/2005    Page 1 of 2

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JEFFREY WEINSTEIN, individually and on       )
behalf of a class of similarly situated individuals,  )
                                             )
                    Plaintiff,               )       No.  05C 7103
                                             )
            v.  ,                            )       Judge Der-Yeghiayan
                                             )
THE TIMBERLAND COMPANY, a Delaware           )
Corporation,                                 )
                                             )
                    Defendant.               )
------------------------------------------------x

### NOTICE OF VOLUNTARY DISMISSAL

Pursuant to Fed.R.Civ.P. 41(a)(1)(i), Plaintiff hereby dismisses the above-captioned case

without prejudice.


                              Respectfully Submitted,

                              /s/ Jay Edelson

                              Jay Edelson
                              BLIM & EDELSON, LLC
                              53 West Jackson Boulevard
                              Suite 1642
                              Chicago, Illinois 60604
                              Telephone: (312) 913-9400
                              Telefax: (312) 913-9401

                              Attorney for Plaintiff and the Class

@004/014

Case 1:05-cv-07103     Document 6     Filed 12/22/2005     Page 2 of 2

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on December 22, 2005, I served a copy of the foregoing upon the following persons by first class mail:

Jeffrey B. Swartz
Danette Wineberg
The Timberland Company
200 Domain Drive
Stratham, New Hampshire 03885

The Timberland Company
c/o Illinois Corporation Service C
801 Adlai Stevenson Drive
Springfield, Illinois 62703

/s/ Jay Edelson

2