**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY WEINSTEIN and LEI SHEN, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 06 C 0484 |
| v. | ) ) | Judge Wayne R. Anderson |
| AIRIT2ME, INC., a Florida Corporation, GSI COMMERCE, INC., a Delaware Corporation, and THE TIMBERLAND COMPANY, a Delaware Corporation, | ) ) ) ) | |
| *Defendants.* | ) | |

------------------------------------------------------------

| | |
|---|---|
| GSI COMMERCE, INC., | ) ) |
| *Third-Party Plaintiff* | ) ) ) |
| v. | ) ) ) |
| MOBILE INFORMATION ACCESS CORPORATION d/b/a MOBILE INTERACTIVE AGENCY, | ) ) ) ) |
| *Third-Party Defendant.* | ) |

------------------------------------------------------------

## STIPULATION OF SETTLEMENT

This Stipulation Of Settlement ("Stipulation") is entered into as of September 4, 2008, by and among (i) Jeffrey Weinstein and Lei Shen, (ii) the Settlement Class (as defined herein) (the Settlement Class, Weinstein, and Shen are collectively herein referred to as the "Plaintiffs" unless otherwise noted), and (iii) Defendants The Timberland Company, a Delaware Corporation, and GSI Commerce, Inc., a Delaware Corporation ("GSI") (unless otherwise stated, "Defendants" refers to The Timberland Company and GSI Commerce, Inc., and Plaintiffs and these Defendants collectively are referred to as the "Parties"), by and through their respective

counsel of record in this Action. This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions hereof, and subject to the final approval of the Court.

## RECITALS

A.      On December 25, 2005, the Plaintiffs brought a putative class action against Defendants and other entities in the Circuit Court of Cook County, which was removed to the United States District Court for the Northern District of Illinois on January 26, 2006 and designated case No. 06 C 0484. On or about June 15, 2006, Plaintiffs filed their First Amended Complaint (the Complaint and First Amended Complaint are collectively referred to as the "Action") alleging that Timberland, by and through defendants GSI and AirIt2Me, engaged in a marketing campaign in which tens of thousands of unsolicited text message advertisements were sent to cellular telephones of consumers throughout the country.

B.      The Action asserted claims on behalf of a putative class of all wireless telephone subscribers nationwide who received a text message advertising the sale of Timberland goods, and alleged a single cause of action for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

C.      On September 14, 2007, Plaintiffs moved the Court pursuant to Federal Rule of Civil Procedure 23 to certify a class consisting of all Persons residing in the United States who, between September 1 and December 31, 2005, received a text message advertising the sale of goods on Timberland.com. Although the Settlement Class is nationwide in scope, discovery revealed that the text messages at issue were sent to Persons with wireless phone numbers particular to the States of Illinois and New York.

- 2 -

D.      Plaintiffs' Motion for Class Certification is fully briefed, but the parties moved the Court to hold the Motion for Class Certification in abeyance as they attempted to mediate the case for settlement purposes.

E.      On May 28, 2008, counsel for the Parties met in person in Chicago, Illinois for mediation with the assistance of the Honorable Richard A. Siebel (ret.).

F.      After making significant progress at the mediation, the Parties continued their ongoing settlement discussions and were able to reach an agreement in principle on August 18, 2008.

G.      At all times, each of the Defendants has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that either of them committed, or threatened or attempted to commit, any of the wrongful acts or violations of law or duty that are alleged in the Action and contend that they have acted properly. Defendants also deny: (1) each and all of the claims and contentions alleged by Plaintiffs in the Action; (2) all charges of wrongdoing or liability against them arising out of any conduct, statements, acts or omissions alleged in the Action; and (3) that Plaintiffs or the Settlement Class are entitled to any form of damages based on the conduct alleged in the Action. In addition, Defendants maintain that they have meritorious defenses to the claim alleged in the Action and were prepared to vigorously oppose class certification. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendants have concluded that further defense of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation. This Stipulation is a compromise, and the Stipulation, any related documents, and any negotiations resulting in this Stipulation shall not be construed as or deemed to be

evidence of or an admission or concession of liability or wrongdoing on the part of Defendants, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

      H.    Plaintiffs believe that the claims asserted in the Action have merit. Nonetheless, Plaintiffs and Class Counsel recognize and acknowledge the expense and length of continued prosecution of the Action against Defendants through trial and any subsequent appeals. Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation.

      I.    The Parties agree that the Action was resolved in good faith, following arms' length bargaining presided over at times by a neutral mediator, and that the settlement reflected herein confers substantial benefits upon the Parties, and each of them.

      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and each of them, and Defendants, by and through their respective undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Stipulation of Settlement, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, that the Action and the Released Claims shall

be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Stipulation.

## AGREEMENT

1.    **DEFINITIONS**.

As used in this Stipulation, the following terms have the meanings specified below:

1.1    **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; and (b) is signed by the Settlement Class Member, physically or electronically, subject to the penalties of perjury.

1.2    **"Claim Form"** means the documents in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a Settlement Benefit, shall be available in paper and electronic format. The Claim Form will not require notarization, but will require identification of the month and year in which the text message allegedly was received by the Class Member, the telephone number of the cellphone on which the text message allegedly was received, and a statement by the Class Member subject to penalty of perjury that the information supplied is true according to the Class Member's best knowledge and belief.

1.3    **"Claims"** means any claims arising out of or relating to any text message advertising the sale of goods at Timberland.com received by any Settlement Class Member and all claims that were brought or could have been brought in the Action relating to such text messages.

1.4     **"Claims Administration Expenses"** means the expenses incurred by the

Settlement Administrator in providing Notice to and processing claims by the Settlement Class,

with such expenses to be paid from the Settlement Fund.

1.5     **"Class Counsel"** means Jay Edelson and Myles McGuire of KamberEdelson,

LLC and John G. Jacobs and Bryan G. Kolton of The Jacobs Law Firm, Chtd.

1.6     **"Class Representatives"** means the named plaintiffs in this Action, Jeffrey

Weinstein and Lei Shen.

1.7     **"Claims Deadline"** means the date by which all Claims Forms must be

postmarked or received to be considered timely and shall be set as the date forty five (45) days

after entry of the Final Judgment and Order of Dismissal with Prejudice. The Claims Deadline

shall be clearly set forth in the Order for Notice and Hearing and in the Final Judgment and

Order of Dismissal with Prejudice as well as prominently in the Notice and the Claim Form.

1.8     **"Court"** means the United States District Court for the Northern District of

Illinois.

1.9     **"Defendants"** means The Timberland Company, a Delaware Corporation, and

GSI Commerce, Inc., a Delaware Corporation.

1.10    **"Defendants' Counsel"** means Thomas A. Marrinson of ReedSmith LLP.

1.11    **"Effective Date of Settlement"** or **"Effective Date"** means the first date by

which all of the events and conditions specified in Section 9.1 have been met and have occurred.

1.12    **"Fairness Hearing"** means the hearing before the Court where the Parties will

request the Final Judgment and Order of Dismissal with Prejudice to be entered by the Court

approving the Settlement, approving the Fee Award, and the incentive awards to Class

Representatives.

1.13    **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

1.14    **"Final"** means one business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment and Order of Dismissal With Prejudice approving the Settlement substantially in its present form; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment and Order of Dismissal With Prejudice without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

1.15    **"Final Judgment and Order of Dismissal With Prejudice"** means the Final Judgment and Order to be entered by the Court approving the Settlement after the Fairness Hearing.

1.16    **"Mediator"** means Honorable Richard A. Siebel (ret.). of ADR Systems.

1.17    **"Mobile Marketing Campaign"** means any marketing campaign consisting of the mass transmission of promotional text messages to a list or lists of cellular telephone numbers. For the sake of clarity, responding via text message to one or more individual consumer text messages requesting promotional information shall not be considered mass transmission of promotional text messages for purposes of this definition.

1.18    **"Nationwide"** means the 50 United States of America and its territories.

1.19    **"Notice"** means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, which is to be sent to Settlement Class Members substantially in the manner set forth in this Agreement and in the form attached hereto as Exhibit B, as well as such published notice as the Parties and Court shall agree are consistent with the requirements of Due Process.

1.20    **"Notice Plan"** means the proposed plan of disseminating notice to members of the Settlement Class of the proposed Settlement and of the Fairness Hearing.

1.21    **"Preliminary Approval Order"** means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class.

1.22    **"Parties"** or **"Settling Parties"** means Jeffrey Weinstein, Lei Shen, the Settlement Class and the Defendants.

1.23    **"Person"** shall have the broadest meaning possible and shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.24    **"Plaintiff"** or **"Plaintiffs"** means Jeffrey Weinstein, Lei Shen, and the Settlement Class Members.

1.25    **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations

(including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged sending of text message advertisements to the Settlement Class for goods for sale at Timberland.com that were or could have been alleged or asserted in the Action relating to such text messages, belonging to Plaintiffs and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities (including, without limitation, any claims, whether direct, derivative, representative or in any other capacity, arising under federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside of the United States) that relate in any way to any actual or alleged violation of law, misstatement or omission, breach of duty, negligence or fraud or any other actual or alleged wrongdoing or misconduct.

1.26 **"Released Parties"** means The Timberland Company, GSI Commerce, Inc., AirIt2Me, Inc., a dissolved Florida Corporation, and Mobile Information Access Corporation d/b/a Mobile Interactive Agency and any and all of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates,

employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, directors, other individuals or entities in which The Timberland Company, GSI Commerce, Inc., and AirIt2Me, Inc., has a controlling interest or which is related to or affiliated with any of them, or any other representatives of any of these Persons and entities.

1.27 **"Remaining Funds"** means the amount of the Settlement Fund remaining after the approved payments of Approved Claims to the Settlement Class Members, Claims Administration Expenses, incentive awards to Class Representatives, fees of the Special Master, the Fee Award and the *cy pres* payment. Any sums remaining in the Settlement Fund after payment of the items referred to in the first sentence of this paragraph, together with any interest earned thereon, shall revert to Defendants. Defendants shall be liable for any tax consequences resulting from any such accrued interest.

1.28 **"Settled Claims"** means all of the Released Claims.

1.29 **"Settlement"** or **"Settlement Agreement"** means the settlement contemplated by this Stipulation.

1.30 **"Settlement Administrator"** means the firm selected by the Parties and approved by the Court to oversee the distribution of Notice as well as the processing and payment of claims to the Settlement Class as set forth in this Stipulation.

1.31 **"Settlement Benefit"** means the benefits a Settlement Class Member may receive pursuant to this Stipulation.

1.32 **"Settlement Class"** means all persons residing in the United States who, between January 1, 2003 and August 1, 2008, received a text message advertising the sale of goods on Timberland.com.

1.33 **"Settlement Class Member"** or **"Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

1.34 **"Settlement Fund"** means a cash settlement fund that shall be established by the Defendants in the amount of seven million dollars ($7,000,000), to be initially funded by Defendants within ten days after Final court approval of the Settlement in the amount of three million six hundred fifty thousand dollars ($3,650,000) and to thereafter be replenished by Defendants as necessary, such that as sums are withdrawn from the Settlement Fund as set forth in this Stipulation, the cash immediately available is at a minimum of one million dollars ($1,000,000). From this Settlement Fund, Defendants shall pay all Approved Claims, Claims Administration Expenses, fees of the Special Master, *cy pres* payment, incentive awards to Class Representatives, and the Fee Award. The Settlement Fund represents the cash value of the Settlement and the limit and extent of Defendants' monetary obligations under this Agreement. In no event shall Defendants' total financial liability with respect to this Settlement exceed seven million dollars ($7,000,000).

1.35 **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of the Settlement, and approval of the form of the Settlement Class Notice and of the Notice Plan.

1.36 **"Special Master"** means Judge Siebel or such other independent neutral as agreed upon by the Parties should Judge Siebel be unavailable.

- 11 -

1.37 **"Unknown Claims"** means claims that could have been raised in this litigation and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2.    **SETTLEMENT RELIEF**

2.1    **Best Practices**. Prior to undertaking any future Mobile Marketing Campaign, GSI agrees to circulate to its marketing personnel a copy of the July 15, 2008 Mobile Marketing Association's Consumer Best Practices Guidelines (or any subsequently updated version of said guidelines) and to establish meaningful training and compliance checks in connection with such guidelines in an effort to prevent the sort of acts alleged in the Action.

2.2    **Payments.**

(a)    Class Members shall have until the Claims Deadline to submit an Approved Claim. Defendants agree to pay from the Settlement Fund the lesser of $150 or a *pro rata* payment to each Settlement Class Member who files an Approved Claim. If the total amount of Approved Claims would exceed the amount in the Settlement Fund after payment of Claims Administration Expenses, the Fee Award, *cy pres* payment, and incentive awards, then each Settlement Class Member with an Approved Claim shall receive a *pro rata* share of the amount of the Settlement Fund available after payment of such amounts.

(b)    The Remaining Funds are the property of the Defendants. In no event will the Remaining Funds constitute abandoned or unclaimed property and Defendants are entitled to all such Remaining Funds.

(c)    Within ninety (90) days after the Effective Date has occurred, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check and mail them to the claimants via first-class mail.

(d)    All cash payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed

- 13 -

within 90 days of the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within 90 days of the date of issuance, such funds shall be directed to an appropriate *cy pres* recipient, as agreed upon by the Parties and approved by the Court.

2.3 **Cy Pres.** Within sixty (60) days of the Effective Date, Defendants shall pay from the Settlement Fund a total of two hundred thousand dollars ($200,000) to St. Martin de Porres' House of Hope or other such organization agreed upon by the Parties and approved by the Court.

3. **RELEASES**

3.1 The obligations incurred pursuant to this Stipulation shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2 Upon the Effective Date, Plaintiffs, and each of them, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal with Prejudice shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, and each of them.

4. **NOTICE TO THE CLASS**

4.1 Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Settlement Class Notice describing the Fairness Hearing and the terms of the Settlement embodied in this Stipulation and the Claim Form to be disseminated to potential Settlement Class Members as provided herein. Such notice shall comport with due process and be effectuated pursuant to a Notice Plan.

4.2 The Notice Plan shall include:

(a) Publication Notice shall be made in a cost-effective manner, by purchasing a one-day 1/4th page ad space in Illinois, New York, and/or nationally based newspapers or publications such as: the New York Times, the New York Daily News, the

- 14 -

Chicago Tribune, the Chicago Tribune –Red Eye, the Chicago Sun Times, the Washington Post, the Wall Street Journal, and Rolling Stone Magazine, to be published within forty five (45) days of receipt of Preliminary Approval of this Stipulation.

(b)     Press release.  In the event either Plaintiff or Defendants decide to issue a press release in connection with the Action or its Settlement, that party shall first submit a proposed copy to the other side for approval, which approval shall not be unreasonably withheld.

(c)     Upon entry of the Preliminary Approval Order, Defendants shall provide the Settlement Administrator with such information as is reasonably available to them regarding the wireless phone numbers of the Settlement Class.  The Settlement Administrator shall employ a commercially reasonable reverse cell phone number look-up service to compile a list of addresses for the Settlement Class. The Settlement Administrator shall then send the Notice and Claim Form to each address by First Class U.S. Mail no later than sixty (60) days after the entry of the Preliminary Approval Order unless such date is extended by the Court.  The text of the mailed Notice and the Claim Form are attached hereto as Exhibit B and Exhibit A, respectively.

(d)     Internet Publication Notice.  Immediately following Preliminary Approval of the Settlement, Notice shall be provided on the website to be administered by the Settlement Administrator which shall include the ability to file Claim Forms on-line, provided that such forms, if signed electronically, will be binding for purposes of the perjury laws and contain a statement to that effect.

4.3     The Notice shall advise the Settlement Class of their rights, including the right to opt-out, comment upon, and/or object to the Settlement Agreement or its terms.  The Notice shall provide that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Fairness Hearing, only if, on or before a date

- 15 -

approved by the Court and to be specified in the Settlement Class Notice, the Person making an objection shall file notice of his or her intention to do so and at the same time (a) file copies of such papers he or she proposes to submit at the Fairness Hearing with the Clerk of the Court and (b) send copies of such papers via mail, hand or overnight delivery service to both Class Counsel and Defendants' Counsel on or before a date forty five (45) days after Notice is published or mailed to the Settlement Class or such other date as shall be approved by the Court and stated in the Notice.

4.4     The cost of the Settlement Class Notice, the Notice Plan and the dissemination of the Settlement Class Notice are Claims Administration Expenses to be paid from the Settlement Fund.

4.5     Any member of the Settlement Class who intends to object to this Settlement Agreement must include his/her name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a member of the Settlement Class, and provide a statement whether the objector intends to appear at the Fairness Hearing with or without counsel. Any member of the Class who fails to timely file a written objection and notice of his or her intent to appear at the Fairness Hearing in accordance with the terms of paragraph or as detailed in the Notice, shall not be permitted to object to this Settlement Agreement at the Fairness Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

4.6     A member of the Settlement Class may opt out of the Settlement Class within forty five (45) days after Notice is either published or mailed to the Settlement Class as provided in this Settlement Agreement, or by a date approved by the Court and specified in the Notice. In order to exercise the right to opt out, a member of the Settlement Class must timely send a

request for exclusion to the Settlement Administrator. Except for those members of the Settlement Class who have properly opted out, all Class Members will be bound by this Settlement Agreement and the Judgment to be entered following final approval of this Settlement Agreement and entry of the Final Judgment and Order of Dismissal with Prejudice. Any member of the Settlement Class who elects to opt out shall not: (i) be bound by any orders or the Final Judgment and Order of Dismissal with Prejudice; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So called "mass" or "class" opt-outs shall not be allowed. To be valid, an opt-out must be postmarked or received by the date specified in the Notice.

5. **SETTLEMENT ADMINISTRATION**

5.1     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning notice, administration and implementation of the Settlement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court

summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to members of the Settlement Class on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

a.      Forward to Defendants' Counsel all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days of the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement;

b.      Receive exclusion forms and other requests from Class Members to exclude themselves from the Settlement and provide to Class Counsel and Defendants' Counsel a copy thereof within three (3) days of the deadline for submission of such forms and requests. If the Settlement Administrator receives any exclusion forms or other requests from Class Members after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel.

c.      Provide weekly reports to Class Counsel and Defendants' Counsel as provided in the contract to be entered into by Defendants with the Settlement Administrator, including without limitation, reports regarding the number of Claim Forms received and the amount of benefits sought, the number thereof approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator.

d.      Make available for inspection by Class Counsel or Defendants' Counsel the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

5.2     The Settlement Administrator may reject a Claim Form, or any part of a claim for a payment reflected therein, where there is evidence of abuse or fraud.

5.3    Both Defendants' Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Class Members and such challenges will be timely decided by the Special Master. The Parties agree that the Settlement Administrator shall thereafter follow the decision of the Special Master resulting from any such challenge.

5.4    In the exercise of their duties outlined in this Agreement, both the Settlement Administrator and the Special Master shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

5.5    The deadline for opting out of or objecting to the Settlement Agreement shall be forty five (45) days after the date the Notice is disseminated to the Settlement Class by publication or mail as specified in this Stipulation, and any opt-out or objection must be postmarked or received by that date to be timely.

5.6    The Final Approval Hearing shall be ninety (90) days after the date the Notice is disseminated as set forth in this Settlement Agreement or such other time as the Court shall set.

5.7    The deadline for submitting the Claim Form shall be forty five (45) days after entry of the Final Judgment and Order of Dismissal with Prejudice. Any Claim Form postmarked or received after the Claims Deadline shall be void.

5.8    Any Class Member who does not, in accordance with the terms and conditions of this Settlement, seek exclusion from the Class or timely file a Claim Form will not be entitled to receive any cash award or any other benefits pursuant to this Settlement, but will otherwise be bound together with all Class Members by all of the terms of this Settlement, including the terms of the Final Judgment and Order of Dismissal with Prejudice to be entered in the Action and the Releases provided for in the Settlement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

- 19 -

6.    **TERMINATION OF SETTLEMENT**

6.1    The named Plaintiffs in this Action, on behalf of the Settlement Class, or

Defendants, shall have the right to terminate this Settlement by providing written notice of their

election to do so ("Termination Notice") to all other Parties hereto within ten (10) days, of any of

the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in

any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any

material respect; (iii) the Court's refusal to enter the Final Judgment and Order of Dismissal with

Prejudice in this Action in any material respect; (iv) the date upon which the Final Judgment and

Order of Dismissal with Prejudice is modified or reversed in any material respect by the Court of

Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in

paragraph 9.1 of this Stipulation is modified or reversed in any material respect by the Court of

Appeals or the Supreme Court.

6.2    If prior to the Settlement Hearing, any Persons who otherwise would be

Settlement Class Members have timely requested exclusion from the Settlement Class in

accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant

thereto, and the number of such Persons seeking exclusion exceeds one hundred (100),

Defendants shall have, in their sole and absolute discretion, the option to terminate this

Settlement Agreement.  Defendants may terminate the Settlement Agreement by serving written

notice of termination on the Court and Class Counsel by hand delivery or overnight courier

within ten (10) business days of being informed in writing by the Settlement Administrator that

there are 100 or more such requests for exclusion timely filed.

7.    **PRELIMINARY APPROVAL ORDER**

7.1    Promptly after the execution of this Stipulation, Class Counsel and Defendants' Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and Class Counsel shall move the Court for Preliminary Approval of the Settlement set forth in this Stipulation, certification of a class for settlement purposes only, and entry of a Preliminary Approval Order, which order shall set a Settlement Hearing date and approve the Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the form of the Exhibits hereto.

7.2    At the time of the submission of this Stipulation to the Court as described above, Class Counsel and Defendants' Counsel shall request that, after Notice is given, the Court hold a Fairness Hearing and approve the Settlement of the Action as set forth herein.

7.3    After Notice is given, the Parties shall request and obtain from the Court a Final Judgment and Order of Dismissal with Prejudice. The Final Judgment and Order of Dismissal with Prejudice will (among other things):

(a)    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto;

(b)    approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained

by or on behalf of Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns;

(c)     find that the Notice and the Notice Plan implemented pursuant to the Settlement Agreement (a) constitute the best practicable notice, (b) constitute notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

(d)     find that Plaintiffs and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

(e)     dismiss the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

(f)     incorporate the Release set forth above, make the Release effective as of the date of the Final Judgment and Order of Dismissal with Prejudice, and forever discharge the Released Parties from any claims or liabilities arising from or related to the facts, circumstances, or subject matter of this Action;

(g)     bar and enjoin all Settlement Class Members who have not been excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action;

(h)     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) as (a) shall be consistent in all material respects with the Final Judgment and Order of Dismissal with Prejudice, or (b) do not limit the rights of Settlement Class Members;

(i)     without affecting the finality of the Final Judgment and Order of Dismissal with Prejudice for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment and Order of Dismissal with Prejudice, and for any other necessary purpose; and

(j)     incorporate any other provisions, as the Court deems necessary and just.

## 8.     CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

8.1     Class Counsel has agreed not to seek an award of more than one million seven hundred fifty thousand dollars ($1,750,000) for attorneys' fees and expenses, with any amount sought by Class Counsel being subject to Defendants' objections to the Court and the Court's approval. The Parties agree that neither shall appeal the Court's decision on this matter. Within ten (10) days of the Effective Date, the amount of attorneys' fees and expenses determined by the Court to be payable to Class Counsel hereunder shall be paid from the Settlement Fund via wire transfer to an account designated by Class Counsel in a letter to Defendants' Counsel providing necessary information for wire transfer. Class Counsel agree that in no event shall Defendants pay or be obligated to pay in excess of one million seven hundred fifty thousand dollars ($1,750,000) for Class Counsel attorneys' fees and expenses.

8.2     Class Counsel agrees that: (a) upon Defendants' compliance with the terms and conditions of this Stipulation, Defendants will forever and finally have satisfied all of their obligations to Class Counsel concerning payment of attorneys' fees and costs in the Action, and the Released Parties will forever and finally be absolved, released and discharged of any liability whatsoever to Class Counsel concerning attorneys' fees and costs in the Action; (b) under no circumstances will Class Counsel sue the Released Parties because of, relating to, concerning, or as a result of any payment of attorneys' fees and costs made in accordance with this Stipulation; (c) under no circumstances will the Released Parties be liable to Class Counsel for, because of, relating to, concerning or as a result of any payment of attorneys' fees and costs made in accordance with this Agreement; and (d) Class Counsel releases the Released Parties from any and all claims because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees and costs made in accordance with this Stipulation.

8.3     The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation among Class Counsel and/or any other Person who may assert some claim thereto, of any Fee Award.

8.4     In addition to any award to which they may be entitled under the Settlement Agreement, and in recognition of their efforts on behalf of the Class, the Class Representatives shall be awarded $10,000 and $5,000 for Shen and Weinstein, respectively, as appropriate compensation for their time and effort serving as the Class Representatives in this litigation, provided that the Court approves such payment and that neither Shen nor Weinstein opts out of the Settlement. Defendants shall pay such amounts via check from the Settlement Fund to the Class Representatives, such checks to be sent care of Class Counsel, within ten (10) days after the Effective Date.

9.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1    The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)    The Court has entered the Preliminary Approval Order;

(b)    The Court has approved the Settlement, following notice to the Settlement Class and a Fairness Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment and Order of Dismissal with Prejudice, or a judgment substantially consistent with this Agreement; and

(c)    The Final Judgment and Order of Dismissal with Prejudice has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

9.2    If some or all of the conditions specified in Section 9.1 are not met, or in the event that this Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, then this Stipulation shall be canceled and terminated subject to Section 9.3 unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Stipulation. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all of the Settling Parties.

9.3    If this Stipulation is terminated or fails to become effective for the reasons set forth in Sections 9.1 and 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment

- 25 -

and Order of Dismissal with Prejudice or other order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc.*

10.    **MISCELLANEOUS PROVISIONS**

10.1    The Parties (a) acknowledge that it is their intent to consummate this Stipulaton; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

10.2    The Parties intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

10.3    Whether or not the Effective Date occurs or this Stipulation is terminated, neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:

(a)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any

defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b) is, may be deemed, or shall be used, offered or received against Defendants, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c) is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d) is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties to the Stipulation, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Stipulation, and any acts performed and/or documents executed in furtherance of or pursuant to this Stipulation and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Stipulation. However, if this Stipulation is approved by the Court, any party or any of the Released Parties may file this Stipulation and/or the Final Judgment and Order of Dismissal with Prejudice in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(e)    is, may be deemed, or shall be construed against Plaintiffs and the

Settlement Class, or each or any of them, or against the Released Parties, or each or any of them,

as an admission or concession that the consideration to be given hereunder represents an amount

equal to, less than or greater than that amount that could have or would have been recovered after

trial; and

(f)    is, may be deemed, or shall be construed as or received in evidence as an

admission or concession against Plaintiffs and the Settlement Class, or each and any of them, or

against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or

without merit or that damages recoverable in the Action would have exceeded or would have

been less than any particular amount.

10.4    The headings used herein are used for the purpose of convenience only and are

not meant to have legal effect.

10.5    The waiver by one party of any breach of this Stipulation by any other party shall

not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

10.6    All of the Exhibits to this Stipulation are material and integral parts thereof and

are fully incorporated herein by this reference.

10.7    This Stipulation and its Exhibits set forth the entire agreement and understanding

of the Parties with respect to the matters set forth herein, and supersede all prior negotiations,

agreements, arrangements and undertakings with respect to the matters set forth herein.  No

representations, warranties or inducements have been made to any party concerning this

Stipulation or its Exhibits other than the representations, warranties and covenants contained and

memorialized in such documents.  This Stipulation may be amended or modified only by a

written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

- 28 -

10.8    Except as otherwise provided herein, each Party shall bear its own costs.

10.9    Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or party and that s/he is fully entitled to release the same.

10.10    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

10.11    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court.

10.12    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

10.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

10.14    This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Illinois and the rights and obligations of the Parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Illinois without giving effect to that State's choice of law principles.

- 29 -

10.15   This Stipulation is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties.  Whereas all Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK.  SIGNATURE PAGE FOLLOWS.]

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys.

Dated: September 4, 2008.

Jeffrey Weinstein and Lei Shen,
individually and on behalf of a
class of similarly situated individuals,
by their attorneys:

_____
Jay Edelson
KamberEdelson, LLC
55 West Jackson, Suite 550
Chicago, Illinois 60604

The Timberland Company
and GSI Commerce, Inc.,
by their attorneys:

*Thomas A. Marrinson*

_____
Thomas A. Marrinson
ReedSmith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606

_____
John G. Jacobs
The Jacobs Law Firm, Chtd.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys.


Dated: September 4, 2008.


Jeffrey Weinstein and Lei Shen,
individually and on behalf of a
class of similarly situated individuals,
by their attorneys:

_____
Jay Edelson
KamberEdelson, LLC
55 West Jackson, Suite 550
Chicago, Illinois 60604


_____
John G. Jacobs
The Jacobs Law Firm, Chtd.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603

The Timberland Company
and GSI Commerce, Inc.,
by their attorneys:


_____
Thomas A. Marrinson
ReedSmith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606

- 31 -

## <u>CERTIFICATE OF SERVICE</u>

Bryan G. Kolton, an attorney in the foregoing matter, certifies that he caused a copy of the foregoing document to be served by electronic mail and U.S. mail on the following counsel:

Thomas A. Marrinson, Esq.
ReedSmith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606

On this 4th day of September, 2008.

/s/ Bryan G. Kolton
Bryan G. Kolton

# Exhibit A

# Hard Copy Claim Form

**Weinstein v. Airit2me, Inc., et al.**

## CLAIM FORM

YOU MUST COMPLETE, VERIFY UNDER PENALTY OF PERJURY, AND SUBMIT THIS FORM BY _____ XX, 200x TO RECEIVE ANY RECOVERY

You have been sent this Claim Form because, according to information from the above-referenced lawsuit, you may be entitled to a Settlement Payment in this lawsuit against Airit2me, Inc., The Timberland Company and GSI Commerce, Inc. Each person who submits a valid claim will receive a Settlement Payment of $150 or a lesser pro rata share of the Settlement Fund pursuant to the Stipulation of Settlement if it is finally approved by the Court.

By submitting this Claim Form, you are representing under penalty of perjury that all information provided in this Claim Form is true and correct to the best of your knowledge and belief.

## SECTION 1 – YOUR RECEIPT OF TEXT MESSAGES

(check all that apply; if none apply, do not complete this Claim Form; you are not entitled to a Settlement Payment)

[ ] During the period between January 1 and December 31 2003, I received one or more text messages advertising the sale of goods on Timberland.com in the following month(s):

| Jan. ___ | Feb. ___ | Mar. ___ | Apr. ___ | May ___ | June ___ |
| July ___ | Aug. ___ | Sept. ___ | Oct. ___ | Nov. ___ | Dec. ___ |

[ ] During the period between January 1 and December 31 of 2004, I received one or more text messages advertising the sale of goods on Timberland.com in the following month(s):

| Jan. ___ | Feb. ___ | Mar. ___ | Apr. ___ | May ___ | June ___ |
| July ___ | Aug. ___ | Sept. ___ | Oct. ___ | Nov. ___ | Dec. ___ |

[ ] During the period between January 1 and December 31 of 2005, I received one or more text messages advertising the sale of goods on Timberland.com in the following month(s):

| Jan. ___ | Feb. ___ | Mar. ___ | Apr. ___ | May ___ | June ___ |
| July ___ | Aug. ___ | Sept. ___ | Oct. ___ | Nov. ___ | Dec. ___ |

During the period between January 1 and December 31 of 2006, I received one or more text messages advertising the sale of goods on Timberland.com in the following month(s):

Jan. ___     Feb. ___     Mar. ___     Apr. ___     May ___     June ___

July ___     Aug. ___     Sept. ___     Oct. ___     Nov. ___     Dec. ___


During the period between January 1 and December 31 of 2007, I received one or more text messages advertising the sale of goods on Timberland.com in the following month(s):

Jan. ___     Feb. ___     Mar. ___     Apr. ___     May ___     June ___

July ___     Aug. ___     Sept. ___     Oct. ___     Nov. ___     Dec. ___


During the period between January 1 and August 1 of 2008, I received one or more text messages advertising the sale of goods on Timberland.com in the following month(s):

Jan. ___     Feb. ___     Mar. ___     Apr. ___     May ___     June ___

July ___     Aug. ___


## SECTION 2 – YOUR CELLULAR TELEPHONE NUMBER(S)

List each cellular telephone number on which you received any text messages advertising the sale of goods on Timberland.com.:

(1)     _____

(2)     _____

(3)     _____

(4)     _____

(5)     _____

## SECTION 3 – YOUR CONTACT INFORMATION


Printed Name                                    Signature

_____                _____
Current Street Address                          City, State and Zip Code

_____                _____
Home Telephone Number                           Work Telephone Number


- 2 -

_____         _____
Current Cell Phone Number                 E-mail address

## SECTION 4 – CERTIFICATION

The Claims Administrator may audit any and all claims. Persons knowingly making false claims may be subject to civil or criminal penalties.

**I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief and understand that the knowing submission of false information will result in the denial of my claim and may subject me to civil and/or criminal penalties.**

_____         _____
Printed Name                              Signature

**PLEASE NOTE: THIS CLAIM FORM MUST BE RECEIVED OR POSTMARKED NO LATER THAN _____ XX, 200x IN ORDER TO BE ELIGIBLE FOR PAYMENT. YOU CAN MAIL THIS CLAIM FORM TO: Claims Administrator, xxx, xxxx OR SUBMIT IT ONLINE AT: www.xxxxxxxxxxxx.com**

**PLEASE ALSO NOTE:**

•       If you **do not** return a Claim Form postmarked by _____**, 200x**, your claim will be **rejected** and you will have **waived all rights** to receive a Settlement Payment.

•       Unless you requested exclusion from the Settlement Class, you are bound by the terms of the Settlement Agreement whether or not you return a Claim Form, including the release of certain claims against Airit2me, Inc., The Timberland Company, and GSI Commerce, Inc., as further set forth in the Notice of Class Action Settlement, to which you may refer for a more complete description of the released claims.

•       Except as provided in the Notice, please do not call or write to Airit2me, Inc., The Timberland Company, GSI Commerce, Inc. or their lawyers, or the Court regarding this Claim Form, the Notice you received, or the Lawsuit.   **You may call counsel for the class at 1-888-xxx-xxxx.**

- 3 -

# Electronic Claim Form

**Weinstein v. Airit2me, Inc., et al.**

## CLAIM FORM

YOU MUST COMPLETE, VERIFY UNDER PENALTY OF PERJURY, AND
SUBMIT THIS FORM BY _____ XX, 200x_TO RECEIVE ANY RECOVERY

Each person who submits a valid claim will receive a Settlement Payment of up to $150 or a lesser pro rata share of the Settlement Fund pursuant to the Stipulation of Settlement if it is finally approved by the Court.

By electronically submitting this Claim Form, you are representing under penalty of perjury that all information provided in this Claim Form is true and correct to the best of your knowledge and belief.

## SECTION 1 – YOUR RECEIPT OF TEXT MESSAGES

(check all that apply; if none apply, do not complete this Claim Form; you do not qualify for a Settlement Payment)

[  ] During the period between January 1 and December 31 2003, I received one or more text messages advertising the sale of goods on Timberland.com in the following month(s):

Jan. __    Feb. __    Mar. __    Apr. __    May __    June __

July __    Aug. __    Sept. __    Oct. __    Nov. __    Dec. __

[  ] During the period between January 1 and December 31 of 2004, I received one or more text messages advertising the sale of goods on Timberland.com in the following month(s):

Jan. __    Feb. __    Mar. __    Apr. __    May __    June __

July __    Aug. __    Sept. __    Oct. __    Nov. __    Dec. __

[  ] During the period between January 1 and December 31 of 2005, I received one or more text messages advertising the sale of goods on Timberland.com in the following month(s):

Jan. __    Feb. __    Mar. __    Apr. __    May __    June __

July __    Aug. __    Sept. __    Oct. __    Nov. __    Dec. __

[  ] During the period between January 1 and December 31 of 2006, I received one or more text messages advertising the sale of goods on Timberland.com in the following month(s):

Jan. __    Feb. __    Mar. __    Apr. __    May __    June __

July __    Aug. __    Sept. __    Oct. __    Nov. __   Dec. __

During the period between January 1 and December 31 of 2007, I received one or more text messages advertising the sale of goods on Timberland.com in the following month(s):

Jan. __    Feb. __    Mar. __    Apr. __    May __    June __

July __    Aug. __    Sept. __    Oct. __    Nov. __   Dec. __

During the period between January 1 and August 1 of 2008, I received one or more text messages advertising the sale of goods on Timberland.com in the following month(s):

Jan. __    Feb. __    Mar. __    Apr. __    May __    June __

July __    Aug. __

## SECTION 2 – YOUR CELLULAR TELEPHONE NUMBER(S)

List each cellular telephone number on which you received any text messages advertising the sale of goods on Timberland.com:

**(1)** _____

**(2)** _____

**(3)** _____

**(4)** _____

**(5)** _____

## SECTION 3 – YOUR CONTACT INFORMATION

**Name:** _____

**Current Street Address:** _____

- 2 -

**City, State, and Zip Code:**

**Home Telephone Number:**

**Work Telephone Number:**

**Current Cell Phone Number:**

**E-Mail Address:**


## SECTION 4 – CERTIFICATION

The Claims Administrator may audit any and all claims. Persons making false claims may be subject to civil or criminal penalties. By clicking in the below box, you are certifying under penalty of perjury that the information provided by you in in this Claim Form is true and accurate to the best of your knowledge and belief and that you understand the potential consequences of submitting false information are the same as if you had provided your handwritten signature on a paper version of this Claim Form.

**I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief and understand that the knowing submission of false information will result in the denial of my claim and may subject me to civil and/or criminal penalties.**

**PLEASE NOTE:** **THIS CLAIM FORM MUST BE RECEIVED OR POSTMARKED NO LATER THAN _____ XX, 200x IN ORDER TO BE ELIGIBLE FOR PAYMENT. YOU CAN MAIL THIS CLAIM FORM TO: Claims Administrator, xxx, xxxx OR SUBMIT IT ONLINE AT: www.xxxxxxxxxxxx.com**

## PLEASE ALSO NOTE:

• If you **do not** return a Claim Form postmarked by _____, **200x**, your claim will be **rejected** and you will have **waived all rights** to receive a Settlement Payment.

• Unless you requested exclusion from the Settlement Class, you are bound by the terms of the Settlement Agreement whether or not you return a Claim Form, including the release of certain claims against Airit2me, Inc., The Timberland Company, and GSI Commerce, Inc., as further set forth in the Notice of Class Action Settlement, to which you may refer for a more complete description of the released claims.

- 3 -

•     Except as provided in the Notice, please do not call or write to Airit2me, Inc., The Timberland Company, GSI Commerce, Inc. or their lawyers, or the Court regarding this Claim Form, the Notice you received, or the Lawsuit. **You may call counsel for the class at 1-888-xxx-xxxx.**

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY WEINSTEIN and LEI SHEN, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 06 C 0484 |
| v. | ) ) ) | Judge Wayne R. Anderson |
| AIRIT2ME, INC., a Florida Corporation, GSI COMMERCE, INC., a Delaware Corporation, and THE TIMBERLAND COMPANY, a Delaware Corporation, | ) ) ) ) | |
| *Defendants*. | ) | |

## LEGAL NOTICE

### THIS NOTICE MAY AFFECT YOUR RIGHTS.

### PLEASE READ IT CAREFULLY.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

A proposed settlement (the "Stipulation of Settlement") has been reached in this case against the Defendants. You may be a Member of the Settlement Class and entitled to a Settlement Payment. The Settlement Class is defined as:

> **All persons residing in the United States who, between January 1, 2003 and August 1, 2008, received a text message advertising the sale of goods on Timberland.com.**

If you are a Settlement Class Member and the Court gives final approval to the Stipulation of Settlement:

- You may be entitled to receive a settlement payment of $150 or your *pro rata* share of the Settlement Fund (your "Settlement Payment") in the form of a check.

- You will be giving up the right to bring certain legal claims in the future, as discussed more fully below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you are a Settlement Class Member and would like to receive your Settlement Payment, you must submit a Claim Form, either through the mail or through www.xxxxxsettlement.com. You will be giving up legal claims against Defendants and other related entities. **Your claim must be received or postmarked no later than xxxxxxxxxxxxx, 200x. A Claim Form is enclosed with this Notice.** |
| **DO NOTHING** | If you do nothing, you will not receive your Settlement Payment. You will, however, still be giving up legal claims against Defendants and other related entities. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up your right to sue Defendants or related entities. |
| **OBJECT** | Write to the Court about why you don't like the Stipulation of Settlement and do not want it to be approved. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Stipulation of Settlement |

- These rights and options – **and the deadlines to exercise them** – are explained below.

- The Court in charge of this case has preliminarily approved the Stipulation of Settlement and must decide whether to give final approval to the Stipulation of Settlement. Settlement Payments will be made if the Court gives final approval to the Stipulation of Settlement, and if there are any appeals, after they are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice?

You received this Notice because a settlement has been reached in this lawsuit, which challenges the sending of certain text messages advertising the sale of goods on Timberland.com. According to available records, you may be a member of the Settlement Class and entitled to a Settlement Payment.

This Notice is to inform those persons who are potentially in the Settlement Class that they may be eligible for a Settlement Payment of $150.00 or a lesser *pro rata* share of the Settlement Fund that is created by this Settlement. This Notice describes the lawsuit, the general terms of the Stipulation of Settlement, the benefits to which you may be entitled, and it advises you of important deadlines.

### 2. What is this lawsuit about?

This lawsuit alleges that Defendants, in violation of a federal statute, sent unsolicited text messages to cell phone subscribers advertising the sale of goods on Timberland.com, and seeks to represent a nationwide class of persons who received such messages. No court has determined the merits of any of the parties' positions in the lawsuit. Rather, the parties have agreed to settle the lawsuit so as to avoid the uncertainties, the expense, and the diversion of resources from further litigation. This Notice is not an admission by either party as to the strength of the other's

position or of any weakness in its own position.

3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Jeff Weinstein and Lei Shen), sue on behalf of a group (or a "class") of people who have similar claims. After the parties reached an agreement to settle the case, the Court recognized this as a case that should be treated as a class action for settlement purposes.

4. Why is there a settlement?

The Court has not decided that the Plaintiffs or the Defendants should win this case. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the Settlement Class Members will get compensation now rather than, if at all, years from now.

5. How do I know if I am part of the settlement?

As described above, the Court decided that everyone who fits this description is a Settlement Class Member:

> All persons residing in the United States who, between January 1, 2003 and August 1, 2008, received a text message advertising the sale of goods on Timberland.com.

According to available records, you may be a Settlement Class Member.

6. What can I get from the settlement?

Defendants have created a cash settlement fund of seven million dollars ($7,000,000) (the "Settlement Fund"). If you are a Settlement Class Member, and the Court gives final approval to the Stipulation of Settlement, you may be entitled to receive $150.00 from the Settlement Fund in the form of a check, unless the number of claims requires that you receive a lesser *pro rata* payment.

7. When will I receive these benefits?

You will receive these benefits within 90 days after the Stipulation of Settlement has been finally approved and the time to appeal that approval to a higher court has expired and/or any appeals have been resolved in favor of the Stipulation of Settlement.

8. I want to be part of the settlement and receive these benefits; what do I do?

You must submit a timely, truthful, accurate, and properly completed Claim Form. If you do not do so, you will not receive any Settlement Payment. A Claim Form is enclosed with this Notice. You can either complete the attached Claim Form and mail it to xxx or, in the alternative, go to www.xxxxsettlement.com and submit a Claim Form

electronically. Make sure to follow all of the instructions on the Claim Form. In order to be considered for payment, your Claim Form must be received or postmarked no later than xxxxxxxxxx, 200x.

Please mail your Claim Form only to the address above or submit it at the website listed above.

9. What am I giving up to receive these benefits?

Unless you exclude yourself (a process that is explained in answer to Question Number 10 below), you are staying in the class and agreeing to the Stipulation of Settlement. Generally, that means that you can't sue, continue to sue, or be part of a future suit involving the claims raised in this case. In other words, you are agreeing to "release" those claims. Unless you exclude yourself, you are "releasing" these claims, regardless of whether you submit a claim or not.

The exact release contained in the parties' Stipulation of Settlement is much more detailed, and you may want or need to consider it before making your decision about participating in the Stipulation of Settlement.

A copy of the full Stipulation of Settlement, including the release, can be found at www.xxxsettlement.com.

**Excluding Yourself from the Settlement**

If you don't want to receive the benefits from the Stipulation of Settlement, but you want to keep any right to sue that you may have or you want to continue to sue Defendants on your own over the claims in this case, then you must take steps to get out. This is called excluding yourself.

10. How do I get out of the settlement?

To exclude yourself from the Stipulation of Settlement, you must send a letter by mail saying that you want to be excluded from Weinstein v. Airit2me, Inc. et al., NO. C 06 C 0484 (N.D.Ill.) Be sure to include your name, address, your cellular telephone number, and your signature and the name and number of the case. You must mail your exclusion request no later than xxxx, 2008 to

> Settlement Administrator
> P.O. Box xxxx
> xxxxxxxxxxxxxxxx

In order to be valid, any request for exclusion must be received or postmarked no later than xxxxxxxxxxxx, 2008.

11. If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement of this case. But you will have the right to attempt to sue Defendants over the claims raised in this case, either on your own or as part of a different lawsuit. The amount of time the law gives you to sue over such claims (that is, the "statutes of limitation") may or may not have been extended because of this case; however, they will not be extended any further for you once you

exclude yourself. If you want your own attorney to represent you in an individual case, the terms of such representation are a matter for you and your attorney to negotiate.

**The Lawyers Representing You**

12. Do I have a lawyer in this case?

The Court has approved John G. Jacobs and Bryan Kolton of The Jacobs Law Firm, Chtd. and Jay Edelson and Myles McGuire of KamberEdelson, LLC to be the attorneys representing the class. They are called the "Class Counsel." They believe, after conducting an extensive investigation, that the Stipulation of Settlement is fair, reasonable, and in the best interests of the class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

13. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses in the amount of $1,750,000. The Court may award less than this amount. Under the Stipulation of Settlement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendants have agreed to pay $5,000 to representative plaintiff Jeffrey Weinstein and $10,000 to representative plaintiff Lei Shen for their services in helping to prosecute this case.

**Objecting to the Settlement**

You can tell the Court that you don't agree with the Stipulation of Settlement or some part of it. Only those that remain in the Settlement Class may object to the Stipulation of Settlement. You cannot object if you have opted out of the Settlement Class.

14. How do I tell the Court that I don't like the settlement?

If you're a Settlement Class Member, you can object to the Stipulation of Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter (or legal "brief") saying that you object to the Stipulation of Settlement in *Weinstein et al. v. Airit2me, Inc., et al,* NO. 06 C 0383 (N.D.Ill.) and clearly identify all your reasons for your objections and attach any materials you rely on for your objections. Be sure to include your name, address, cellular telephone number as well as your current non-cellular telephone number if you have one, your signature, and the reasons you object to the Stipulation of Settlement. You must also specifically identify whether you received a text message of the kind described in the case and when it was received. If you want to speak at the Final Approval Hearing (explained below in answer to Question Number 17), you must say so in your objections. At the same time, you must also serve complete copies of your objection papers on both counsel for Defendants and Class Counsel. If you fail to object as specified above, you will be deemed to have waived any objections and will be barred from raising any such objections in this case or any other proceeding.

In order to be considered, any objections must be received or postmarked no later than

xxx, 2008. Any objections and supporting materials should be sent to

> Clerk of the Court
> United States District Court for the Northern District of Illinois
> 219 South Dearborn Street
> xxxx Floor
> Chicago, Illinois 60604

> AND TO:

> Jay Edelson, Esq.
> KamberEdelson, LLC
> 53 W. Jackson Boulevard, Suite 550
> Chicago, Illinois 60604

> AND TO:

> Thomas A. Marrinson, Esq.
> ReedSmith, LLP
> 10 South Wacker Drive
> 40th Floor
> Chicago, Illinois 60606

## The Final Approval Hearing

The Court has preliminarily approved the Stipulation of Settlement and will hold a hearing to decide whether to give final approval to the Stipulation of Settlement. You may attend and you may ask to speak, but you don't have to.

15. When and where is the Final Approval Hearing?

The Court will hold the Final Approval Hearing at xxx on xxx, 2008 in the courtroom of Judge Wayne R. Anderson at the United States Courthouse in Chicago at 219 South Dearborn Street, Room 14xx. The purpose of the hearing will be for the Court to determine whether the Stipulation of Settlement should be approved as fair, reasonable and adequate and in the best interests of the Class; to consider the request of Class Counsel for an award of attorneys' fees and expenses in the amount of $ 1,750,000; and to consider the request for an incentive award to Mr. Weinstein in the amount of $5,000 and to Ms. Shen in the amount of $10,000. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Stipulation of Settlement that have properly been requested, as set forth above.

The hearing may be postponed to a different date or time without notice.

You are not required to come to the Final Approval Hearing.

If the Court determines that the Stipulation of Settlement should be approved as fair, reasonable and adequate and in the best interests of the Class, you and your

representatives are barred from filing any lawsuit asserting any claims against Defendants that relate to the claims discussed above

**Getting More Information**

16. How do I get more information?

This Notice is necessarily an incomplete summary of the Stipulation of Settlement and its terms. You are free to inspect the court files from 9:00 a.m. until 4:30 p.m. on weekdays at the office of the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, xxx Floor, Chicago, Illinois 60604. You can call KamberEdelson, one of the law firms representing the class, at 877-773-5469 if you have any questions. Before doing so, please read this full Notice carefully. You may also go to the website with respect to the Stipulation of Settlement, www.xxxxsettlement.com.

Other than inspecting the court files or as provided above, please do not call, or direct any inquiries to the Court, to Defendants or to Defendants' lawyers.

20. What if I have a new address?

If this Notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case. However, if this Notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter to xxxx, referencing this Notice and including your past and current mailing addresses. **On any communication concerning this case, you should always provide a telephone number where you can be reached with any questions.**

Date: xxx, 2008

**PLEASE DO NOT CONTACT THE COURT OR COUNSEL FOR DEFENDANTS ABOUT THIS NOTICE. YOU MAY CALL CLASS COUNSEL OR GO TO WWW.XXXXXXX.COM**

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY WEINSTEIN and LEI SHEN, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | No. 06 C 0484 |
| v. | ) ) ) | Judge Wayne R. Anderson |
| AIRIT2ME, INC., a Florida Corporation, GSI COMMERCE, INC., a Delaware Corporation, and THE TIMBERLAND COMPANY, a Delaware Corporation, | ) ) ) ) ) | |
| *Defendants.* | ) | |

----------------------------------------

| | |
|---|---|
| GSI COMMERCE, INC., | ) ) |
| *Third-Party Plaintiff* | ) ) |
| v. | ) ) ) |
| MOBILE INFORMATION ACCESS CORPORATION d/b/a MOBILE INTERACTIVE AGENCY, | ) ) ) ) |
| *Third-Party Defendant.* | ) ) |

----------------------------------------

## PRELIMINARY APPROVAL ORDER

WHEREAS, a class action is pending before the Court entitled *Weinstein, et al. v. Airit2me, Inc., GSI Commerce, Inc. and Timberland Company,* Case No. C 06 0454; and

WHEREAS, Plaintiffs and Defendants The Timberland Company and GSI Commerce, Inc. (collectively, "Settling Defendants") have agreed on a Stipulation Of Settlement dated September 4, 2008, which together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Agreement" or the "Stipulation"), and the Court having read and considered the Stipulation Of Settlement and Exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.     Terms and phrases in this Order shall have the same meaning as ascribed to them in the Stipulation of Settlement.

2.     The parties have moved the Court for an order approving the settlement of the Action in accordance with the Stipulation of Settlement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Stipulation of Settlement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Stipulation of Settlement in its entirety subject to the Fairness Hearing referred to in paragraph 21 of this Order for purposes of deciding whether to grant final approval to the said Stipulation of Settlement.

**Settlement Class Certification**

3.     For purposes of settlement only: (a) John G. Jacobs and Bryan G. Kolton of The Jacobs Law Firm, Chartered and Jay Edelson and Myles McGuire of KamberEdelson, LLC are appointed Class Counsel for the Settlement Class; and (b) Jeffrey Weinstein and Lei Shen are appointed Class Representatives.

4.     For purposes of settlement only, the Court certifies the following class ("the Settlement Class"): all persons residing in the United States who, between January 1, 2003 and August 1, 2008, received a text message advertising the sale of goods on Timberland.com.

5.     The Court finds, subject to the Fairness Hearing referred to in Paragraph 21 below, that the Stipulation of Settlement is fundamentally fair, adequate, and reasonable, and,

solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims of the Class Representatives are typical of the claims of the Class; the Class Representatives will fairly and adequately protect the interests of the Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the action.

6.    The Court finds that the parties entered into the Stipulation of Settlement in good faith, following arms-length negotiation, including a mediation session with the Hon. Richard A. Siebel, a retired Illinois Chancery Court judge.

7.    Should the Stipulation of Settlement not receive the Court's final approval, should final approval be reversed on appeal, or should the Stipulation of Settlement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Stipulation of Settlement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

8.    The Court approves, as to form and content, the written Class Notice, in the form of Exhibit C to the Stipulation of Settlement and the Claim Forms attached to the Stipulation of Settlement as Exhibit A and finds that the mailing and distribution of the Class Notice and Claim Forms in the manner set forth in paragraph 9 of this Order and the provision for notice set out in

paragraph 4.2 of the Stipulation of Settlement constitute valid, due and sufficient notice to all persons entitled thereto, that such notice is the best notice practicable under the circumstances and that it constitutes due and sufficient notice to all persons entitled thereto and complies fully with the requirements of the Federal Rules of Civil Procedure and of Due Process. The parties, by agreement, may revise the Notices, Claim Forms and other exhibits to the Stipulation of Settlement in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

9. The Court approves the request for the appointment of _____ as Settlement Administrator in accordance with the provisions of paragraph 1.30 of the Stipulation of Settlement.

10. Pursuant to Paragraph 4.2 of the Stipulation of Settlement, the Settlement Administrator is directed to retain the services of an appropriate reverse-directory service and mail the Notice (and the accompanying Claim Form) by first-class mail to the addresses obtained thereby from the phone numbers provided by the Defendants and provide newspaper publication in accordance with the Notice Plan called for by the Stipulation of Settlement no later than November 17, 2008 ("the Notice Date"). The Settlement Administrator shall also maintain a website that will provide full information about the Settlement and will allow for the filing of claims online.

11. Settlement Class Members who wish to receive benefits under the Stipulation of Settlement must complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator with 45 days after the date of the entry of the Final Judgment and Order of Dismissal With Prejudice.

**Exclusion**

12.     Settlement Class Members who wish to exclude themselves from the Settlement Class may do so if, within 45 calendar days from the Notice Date, they comply with the exclusion procedures set forth in the Stipulation of Settlement and Class Notice. Any Settlement Class Member so excluded shall neither be bound by the terms of the Stipulation of Settlement nor entitled to any of its benefits.

13.     Any Settlement Class Members who elect to exclude themselves or "opt out" of the Stipulation of Settlement must file a written Request to Opt Out with the Settlement Administrator, received or postmarked no later than 45 days after the Notice Date. The Settlement Administrator will record the date of receipt of the Request to Opt Out and forward electronically all Requests to Opt Out to both Defendants and Class Counsel on a weekly basis following receipt. The Settlement Administrator shall retain copies of all written Requests to Opt Out until such time as it has completed its duties and responsibilities under this Agreement. The Request to Opt Out must be signed by the Settlement Class Member, must include the Settlement Class Member's name, address, and telephone number, and must clearly state that the person wishes to be excluded from the Action and the Stipulation of Settlement. No Request to Opt Out will be valid unless the request is sent timely and in substantial compliance with the requirements of this paragraph.

14.     Settlement Class Members who opt out of the Stipulation of Settlement will relinquish their rights to benefits under the Stipulation of Settlement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely Request to Opt Out on or before the date specified herein shall be bound by all

terms of the Stipulation of Settlement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Stipulation of Settlement.

15. Any Settlement Class Member who submits a timely Request to Opt Out may not file an Objection to the Stipulation of Settlement and shall be deemed to have waived any rights or benefits under the Stipulation of Settlement.

16. Settlement Class Members shall be permitted to withdraw or rescind their opt-out requests by submitting a statement to the Settlement Administrator that includes their name, address, and telephone number, and that clearly states their intention to withdraw their previous Request to Opt Out of the Stipulation of Settlement and to now be included. Any such rescission of a prior opt-out request must be received by the Settlement Administrator no later than the Claim Form deadline specified herein. No request to rescind a prior opt-out request will be valid unless that request is sent timely and in substantial compliance with the provisions of this paragraph.

17. The Settlement Administrator shall stamp the date received on the original of any rescission of opt-out statement and serve copies to Class Counsel and counsel for Defendants no later than five (5) days after receipt thereof. The Settlement Administrator shall retain copies of all rescissions of opt-out statements until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Order and the Stipulation of Settlement.

**Objections**

18. Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Stipulation of Settlement (hereinafter "Objections") or to a judgment being entered dismissing the Action with prejudice in accordance with the terms of the Stipulation of Settlement, or to the attorneys' fees and expense

reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Class Notice, must sign and file a written Objections no later than 45 days after the Notice Date. Any Settlement Class Member who submits a timely Request to Opt Out may not file Objections to the Settlement and shall be deemed to have waived any rights or benefits under this Stipulation of Settlement.

19.     Any Objections must be filed with the Court and sent to Jay Edelson, Esq., KamberEdelson, LLP, 53 West Jackson Boulevard, Suite 550, Chicago, Illinois 60604, one of Class Counsel, and also to Defendants' Counsel, Thomas A. Marrinson, Esq., ReedSmith, 10 South Wacker Drive, 40th Floor, Chicago, Illinois 60606.

20.     Settlement Class Members making Objections must set forth their full name, current address, and telephone number. Objecting Settlement Class Members must provide evidence of their membership in the Settlement Class, state in writing all Objections and the reasons therefor, provide copies of any documents relied upon for such Objections, and include a statement as to whether the Objector intends to appear at the Fairness Hearing and whether he or she is represented by separate legal counsel. Class Members who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph shall be deemed to have waived any Objections and shall be foreclosed from making any Objections (whether by appeal or otherwise) to the Stipulation of Settlement or to any of the subjects listed in paragraph 21 below.

**Fairness Hearing**

21.     The Fairness Hearing shall be held before this Court on _____, 2008

at _____ ___.M. at the United States Courthouse, 219 South Dearborn Street, Courtroom

1403, Chicago, Illinois to determine (a) whether the proposed settlement of the Action on

the terms and conditions provided for in the Stipulation of Settlement is fair, reasonable

and adequate and should be given final approval by the Court; (b) whether a judgment

and order of dismissal with prejudice should be entered; (c) whether to approve the

payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the

payment of incentive awards to the Class Representatives.  The Court may adjourn the

Fairness Hearing without further notice to members of the Settlement Class.

**Further Matters**

22.     All further proceedings in the Action are ordered stayed until the Final

Judgment and Order of Dismissal with Prejudice or termination of the Stipulation of

Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or

effectuate final approval of the Stipulation of Settlement.

23.     Settlement Class Members shall be bound by all determinations and

judgments in the Action concerning the Action and/or Stipulation of Settlement, whether

favorable or unfavorable.

24.     If the Stipulation of Settlement is not approved by the Court in complete

accordance with its terms, each party will have the option of having the Action revert to its status

as if the Stipulation of Settlement had not been negotiated, made, or filed with the Court.  In such

event, the parties will retain all rights as if the Stipulation of Settlement was never agreed upon.

25.    In the event that the Stipulation of Settlement is terminated pursuant to the provisions of the Stipulation of Settlement or for any reason whatsoever the approval of it does not become Final then (i) the Stipulation of Settlement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Stipulation of Settlement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Stipulation of Settlement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Stipulation of Settlement in the event of its termination, the Stipulation of Settlement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

It is so ordered, this _____ day of _____, 2008.

                              Enter:


                              _____
                              United States District Court Judge

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JEFFREY WEINSTEIN and LEI SHEN,<br>individually and on behalf of a class of similarly<br>situated individuals,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>AIRIT2ME, INC., a Florida Corporation,<br>GSI COMMERCE, INC., a Delaware Corporation,<br>and THE TIMBERLAND COMPANY, a Delaware<br>Corporation,<br>    *Defendants*. | No. 06 C 0484<br><br>Judge Wayne R. Anderson |

----------------------------------------------------------------------------------------------

| | |
|---|---|
| GSI COMMERCE, INC.,<br><br>    *Third-Party Plaintiff*<br><br>    v.<br><br>MOBILE INFORMATION ACCESS<br>CORPORATION d/b/a MOBILE INTERACTIVE<br>AGENCY,<br><br>    *Third-Party Defendant*. | |

----------------------------------------------------------------------------------------------

## **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, this action having been filed in this Court as a class action ("the Action");

WHEREAS, the parties have entered into a Stipulation of Settlement dated as of September 4, 2008 ("the Stipulation of Settlement");

WHEREAS, Defendants deny that they have committed any wrongful acts or breached any duties as alleged in the Action, and the settlement of the Action does not constitute any such admission; and

WHEREAS, this matter having come before the Court for hearing, pursuant to the Order of this Court, dated _____, 2008 ("the Preliminary Approval Order"), on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement,

and due and adequate notice having been given to the Settlement Class defined below as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises, and good cause appearing, it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Stipulation of Settlement.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

3. This Court previously gave its preliminary approval to the Stipulation of Settlement. The Court hereby gives its final approval to the settlement set forth in the Stipulation of Settlement, finds that said Stipulation of Settlement is, in all respects, fair, reasonable and adequate to, and in the best interests of, the Settlement Class, and hereby directs that it shall be effectuated in accordance with its terms. The Stipulation of Settlement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court.

4. The notice of the settlement pursuant to the Preliminary Approval Order and the Stipulation of Settlement was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class whose addresses could be obtained from reverse directory searching, newspaper publication and the maintenance of a settlement website by the Settlement Administrator. Said notice provided valid, due and sufficient notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation of Settlement, to all persons entitled to such notice, and

said notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and of Due Process.

        5.      The Court finds that the Settling Defendants properly and timely notified the appropriate state and federal officials of the Stipulation of Settlement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the Settling Defendants' notices and accompanying materials, and finds that they complied with any applicable requirements of CAFA.

        6.      The Settlement Class certified for settlement purposes was defined as all persons residing in the United States who, between January 1, 2003 and August 1, 2008, received a text message advertising the sale of goods on Timberland.com. Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Class Notice sent to Settlement Class Members. Annexed hereto as Appendix 1 is a schedule of all such persons excluded from the Settlement Class.

        7.      Subject to the terms and conditions of the Stipulation of Settlement, this Court hereby dismisses the Action on the merits and with prejudice.

        8.      Upon the Effective Date of this settlement, the Class Representatives and each and every Settlement Class Member who has not timely filed a request to be excluded from the Settlement Class or who has rescinded a previous opt-out request pursuant to the Stipulation of Settlement, their respective present or past heirs, executors, estates, administrators, representatives, agents, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, officers, directors, managing directors, principals, partners, members, employers, employees, agents, consultants, independent contractors, insurers, attorneys,

accountants, financial and other advisors, investment bankers, underwriters, lenders, controlled and controlling persons and any other representatives of the foregoing (the "Releasing Parties") shall be deemed to have released and forever discharged Defendants, of and from any and all manner of claims (including "Unknown Claims" as defined in the Stipulation of Settlement), demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties (as defined in the Stipulation of Settlement), or any of them, arising out of any actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the transmission of text messages to the Settlement Class advertising the sale of goods at Timberland.com that were or could have been alleged or asserted in the Action relating to such text messages, belonging to the Releasing Parties that relate in any way to any actual or alleged violation of law, any misstatement or omission, any breach of duty, any negligence or fraud or any other actual or alleged wrongdoing or misconduct.

9.     The Court approves the payment by Defendants of attorneys' fees and expenses in the amount of $_____.     Such payment shall be sent by wire transfer to Class Counsel within ten days after the Effective Date as that term is defined in the Stipulation of Settlement.

10.     The Court approves the payment by Defendants of $5,000 to representative plaintiff Jeffrey Weinstein and $10,000 to representative plaintiff Lei Shen as an incentive award for taking on the risks of litigation and helping to achieve the results to be made

available to the Settlement Class, in accordance with the provisions of paragraph 8.4 of the Stipulation of Settlement. Such payment shall be sent by wire transfer to Class Counsel within ten days after the Effective Date as that term is defined in the Stipulation of Settlement.

11.    Prior to undertaking any future Mobile Marketing Campaign, as that term is defined in the Stipulation of Settlement, GSI shall circulate to its marketing personnel a copy of the July 15, 2008 Mobile Marketing Association's Consumer Best Practices Guidelines (or any subsequently updated version of said guidelines) and shall establish meaningful training and compliance checks in connection with such guidelines in an effort to prevent the sort of acts alleged in the Action.

12.    The parties shall bear their own costs and attorneys' fees, except as otherwise provided in the Stipulation of Settlement and this Order.

13.    This Court hereby directs the entry of this Final Judgment and Order of Dismissal With Prejudice based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment and Order of Approval notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Stipulation of Settlement.

14.    This Final Judgment and Order of Dismissal With Prejudice, the Stipulation of Settlement, the settlement which it reflects, and any and all acts, statements, documents, or proceedings relating to the Stipulation of Settlement are not, and shall not be construed as, or used as an admission by or against Defendants of any fault, wrongdoing, or liability on any Defendant's part, or of the validity of any Claim or of the existence or amount of damages.

15.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over, inter alia, (a) implementation, enforcement, and administration of the Stipulation of Settlement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Stipulation of Settlement; and (c) all parties hereto, for the purpose of enforcing and administering the Stipulation of Settlement and the Action until each and every act agreed to be performed by the parties has been performed pursuant to the Stipulation of Settlement.

Dated:  _____, 2008

Enter:


_____
United States District Court Judge

## **Appendix 1 to the Final Judgment And Order Of Dismissal**

## PERSONS EXCLUDED FROM THE SETTLEMENT CLASS

It is so ordered, this _____ day of _____, 2008.

Enter:

_____
United States District Court Judge